**Kamal K. PATEL, Petitioner–Appellant,**

v.

**E.W. MORRIS, Warden, Respondent–Appellee.**

No. 01–6447.

United States Court of Appeals,
Tenth Circuit.

June 4, 2002.

Before TACHA, Chief Judge, EBEL, and LUCERO, Circuit Judges.

ORDER AND JUDGMENT *

LUCERO, Circuit Judge.

Kamal Patel appeals the district court's dismissal without prejudice of his 28

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G).

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

U.S.C. § 2241 motion. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I

Patel pled guilty to one count of conspiracy to import heroin, in violation of 21 U.S.C. §§ 952 and 963, and to one count of witness tampering, in violation of 18 U.S.C. § 1512(b)(1). The indictment under which Patel was charged and to which he pled guilty did not specify the quantity of drugs in connection with the conspiracy count. Patel received a 293 months' prison sentence on the conspiracy count and a concurrent sentence of 120 months on the witness tampering count. Patel's plea agreement waived any right of direct appeal, and he did not pursue a direct appeal.

In 1997, Patel filed a motion under 28 U.S.C. § 2255 in the Western District of Texas, the district that imposed the sentence, challenging his convictions on various grounds. The motion was dismissed by the district court in September 1998, and a certificate of appealability was denied by the Fifth Circuit on August 4, 1999. Subsequently, in June 2000, the Supreme Court decided *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), a decision that requires that all facts, with the exception of a prior conviction, necessary for the increase of the maximum punishment authorized by a criminal statute must be found by a jury beyond a reasonable doubt. In October 2000, the Fifth Circuit applied *Apprendi* to the federal drug dis-

tribution statutes and held that for the maximum sentence authorized by those statutes to be increased the quantity of drugs involved must be alleged in the indictment in addition to being found by a jury beyond a reasonable doubt. *United States v. Doggett*, 230 F.3d 160, 164–65 (5th Cir.2000), *cert. denied*, 531 U.S. 1177, 121 S.Ct. 1152, 148 L.Ed.2d 1014 (2001). Patel then sought leave from the Fifth Circuit to file a second or successive motion under § 2255 in order to invoke *Doggett*;[1] however, the Fifth Circuit denied leave on November 7, 2000, concluding that Patel had not shown that either of the two requirements for granting leave to file a second or successive motion under § 2255—"newly discovered evidence" or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court"—applied in his case. § 2255 ¶ 8.

In June 2001, Patel filed the instant § 2241 petition in the Western District of Oklahoma, the district within which he is currently confined. Patel argued that his sentence was invalid because drug quantities had not been alleged in the indictment and that a § 2255 petition to challenge his sentence was both inadequate and ineffective. The district court adopted the magistrate's recommendation that Patel's petition be dismissed without prejudice because his challenge to the validity of his sentence could only be made through a § 2255 motion in the Western District of Texas.

---

The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

1. *Doggett* involved 21 U.S.C. § 841, which provides for penalties for drug distribution. 230 F.3d at 164. The provision that provides for penalties for drug importation, the relevant statute in Patel's case, is 21 U.S.C.

§ 960. Sections 841 and 960 have very similar structures, imposing increased maximum penalties when increased quantities of drugs are involved. Based on the similarities between the two statutes, Patel argues that *Doggett* would control any analysis under § 960. The government does not dispute this point, and for the purposes of this order and judgment, we assume that Patel is correct.

## II

"A petition under 28 U.S.C. § 2241 attacks the execution of the sentence rather than its validity...." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). Patel concedes that his § 2241 petition is one that attacks the "legality of his sentence" and that therefore it "must ordinarily be brought under 28 U.S.C. § 2255." (Appellant's Br. at 10.) "A 28 U.S.C. § 2255 petition ... must be filed in the district that imposed the sentence," and such a petition is "[t]he exclusive remedy for testing the validity of a judgment and sentence." *Bradshaw*, 86 F.3d at 166. The only exception to this rule is if a § 2255 motion "is inadequate or ineffective to test the legality of [the prisoner's] detention," § 2255 ¶ 5, and it is this exception that Patel seeks to invoke.

■ It is difficult for a prisoner to show that § 2255 is inadequate or ineffective. "Failure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective," *Bradshaw*, 86 F.3d at 166 (quotation omitted), and therefore the mere denial of a prior § 2255 motion by a court will not suffice to show inadequacy or ineffectiveness. We have also held that "the mere fact [that a prisoner] is precluded from filing a second § 2255 petition does not establish that the remedy in § 2255 is inadequate." *Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir.1999). Thus, neither denial of Patel's first § 2255 motion in the Fifth Circuit nor his inability to file a second or successive § 2255 motion in that circuit is sufficient to permit him to file a § 2241 petition challenging the legality of his sentence in this Circuit.

### A

■ Patel argues that despite these principles § 2255 is "inadequate or ineffective" in his case. According to Patel, any claim that the failure of the indictment to allege drug quantity rendered his sentence invalid was unavailable to him either at the time of his initial conviction or at the time of his first § 2255 proceeding. The reason for that unavailability is that, prior to *Apprendi* and *Doggett*, "no § 2255 movant in the Fifth Circuit could have succeeded on a challenge to the length of a [federal drug] sentence exceeding 20 years." (Appellant's Br. at 14–15.) In addition, Patel argues that he also could not have taken advantage of the decisions in *Apprendi* and *Doggett* after they were announced because, by that time, his initial § 2255 motion had already been dismissed. He was further barred by the Fifth Circuit from filing a second § 2255 motion to take advantage of those decisions because neither decision established "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," as required by 28 U.S.C. § 2255. Thus, according to Patel, at no time could he have used § 2255 to vindicate any alleged violations of his rights under *Apprendi* or *Doggett*, and therefore § 2255 must be an inadequate and ineffective remedy. Any other conclusion, Patel asserts, would mean that he would have no remedy and that, as a result, the restrictions on second or successive petitions under § 2255 must be unconstitutional.

We reject Patel's argument that the § 2255 remedy is "inadequate or ineffective" for prisoners in his situation. If we adopted Patel's reasoning, prisoners who might benefit from a federal court decision decided after their conviction became final and who have already exhausted their first opportunity at a § 2255 motion would be granted the opportunity to pursue a § 2241 motion because § 2255 had become "inadequate or ineffective" in their case. However, that would also allow those pris-

oners to avoid the stringent gatekeeping requirements for the filing of a second or successive § 2255 petition, which—absent the discovery of new evidence—must be limited to situations where there is a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255 ¶ 8(2). Patel's proposed rule would allow prisoners to raise in § 2241 proceedings new rules of constitutional law that have not been explicitly made retroactive by the Supreme Court.[2] Such a conclusion would run counter to the plain text and structure of § 2255 as well as the intent of Congress to restrict second or successive habeas corpus petitions to extremely limited situations.[3]

Patel's subsidiary argument is that, should § 2241 not be available to him, the restrictions on second or successive habeas petitions as applied by the Fifth Circuit to his case are unconstitutional as a suspen-

sion of the writ of habeas corpus. *See* U.S. Const. art. I, § 9, cl. 2. However, the provisions restricting second or successive habeas petitions have already been upheld by the Supreme Court as constitutional against a similar challenge. *See Felker v. Turpin,* 518 U.S. 651, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

**B**

■ Patel's second argument is based on the language of § 2255 that requires prisoners to file motions in the district court that sentenced them. *See* § 2255 ¶ 5 ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief ... to the court which sentenced him....."). Patel argues that, because he is barred from filing a second or successive § 2255 petition, he is not an

---

**2.** Patel's argument for the granting of habeas relief is arguably based solely on the application of *Doggett* to his case, because the Supreme Court did not specifically address the issue of the sufficiency of the indictment in *Apprendi. See Apprendi,* 530 U.S. at 469, 120 S.Ct. 2348 (stating that "[t]he question presented is whether the Due Process Clause of the Fourteenth Amendment requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt"). Patel himself asserts that habeas relief would be warranted exclusively on the ground that *Doggett* reinterpreted the federal drug statutes. (Appellant's Reply Br. at 4 ("[P]etitioner's claims do not stand or fall on *Apprendi* alone.").) Thus, allowing Patel to proceed under § 2241 in this case might not only require courts to allow § 2241 petitions raising claims based on Supreme Court decisions that have not been made retroactive, but also to allow § 2241 petitions raising claims based on lower federal court decisions that announce a new rule of law, whether constitutional or not.

**3.** Patel argues that Fifth Circuit precedent holds that the failure to allege drug quantity in the indictment deprives the sentencing court of jurisdiction to impose a sentence above the statutory maximum and further argues that our analysis should take into account the sentencing court's purported lack of jurisdiction in his case. In particular, Patel asserts that "[t]he writ of habeas corpus, as it has existed in the United States, has always been available to remedy such jurisdictional defects in a criminal sentence" and that therefore we should find § 2255 "inadequate or ineffective" because serious constitutional concerns might otherwise be implicated. (Appellant's Br. at 19.)

However, the cases relied upon by Patel for the proposition that the sentencing court lacked jurisdiction, *United States v. Gonzalez,* 259 F.3d 355, 360 n. 3, *rh'g en banc granted,* 262 F.3d 455 (5th Cir.2001); *United States v. Longoria,* 259 F.3d 363, 365, *rh'g en banc granted,* 262 F.3d 455 (5th Cir.2001), are no longer good law, *United States v. Cotton,* 535 U.S. ——, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002) (holding that *Apprendi* error in the indictment is not jurisdictional).

individual "authorized to apply" for habeas relief under § 2255. As a result, according to Patel, he should not be required to file a § 2255 petition in the sentencing district in order to challenge the legality of his sentence, and he should instead be permitted to file a § 2241 petition in the Western District of Oklahoma.

Again, Patel's argument would lead to the elimination of the stringent gatekeeping requirements that Congress has established for second or successive § 2255 petitions. Any prisoner who was barred from filing a second or successive petition could simply file a § 2241 petition, because they would not be "authorized to apply" for a § 2255 petition and would not be covered by the restrictions in § 2255. We therefore interpret the statutory language in question—"a prisoner who is authorized to apply for relief by motion pursuant to this section"—to refer to the opening paragraph of § 2255, which establishes the scope of that section:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States ... may move the court which imposed the sentence to vacate, set aside or correct the sentence.

§ 2255 ¶ 1. In other words, prisoners are "authorized to apply for relief by motion pursuant to this section" if they are federal prisoners challenging the validity of their sentence. Any other construction of the statute would render superfluous and ineffective the restrictions on second or successive § 2255 petitions. Patel is "authorized to apply for relief" by § 2255 and is required to file a § 2255 motion in the district that sentenced him if he seeks to challenge the validity of his sentence.

## III

The judgment of the district court is AFFIRMED.

The mandate shall issue forthwith.