2005 OK CIV APP 15

Letha ROBERSON, Plaintiff/Appellant,

v.

JEFFREY M. WALTNER, M.D., INC.; Jeffrey M. Waltner, M.D., individually; and, Orthopaedic and Sports Medicine Center–Norman, P.C., Defendants/Appellees.

No. 101,368.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 14, 2005.

Larry Balcerak, Pauls Valley, OK, for Plaintiff/Appellant.

**568**

Randall L. Sewell, Melissa A. Couch, Short Wiggins Margo & Butts, Oklahoma City, OK, for Defendants/Appellees.

Opinion by CAROL M. HANSEN, Judge.

¶1 Plaintiff, Letha Roberson, filed this action in medical malpractice alleging Defendant, Jeffrey M. Waltner, improperly performed a hip replacement on her left hip. She alleged that as a proximate and direct result of the negligence of Defendants, she had a permanent, disfiguring disability, to-wit, severe shortening of her left leg with severe complications. In her affidavit she stated she had obtained a written opinion from a qualified expert that clearly supported a finding the acts or omissions of the health care providers against whom the action was brought constituted professional negligence. She attached a letter from an RN, BSN supporting her claim.

¶2 Defendants filed a motion to dismiss, claiming the letter from the RN did not comply with the requirement of 63 O.S.2003 Supp., § 1–1708.1E [1] that she obtain a written opinion from a qualified expert. They alleged a nurse is not a qualified expert. After argument, the trial court overruled Defendants' motion. Defendants then answered, denying their care and treatment of Plaintiff was not within acceptable standards of care and that nothing in their care proximately caused or contributed to any alleged injuries suffered by Plaintiff.

¶3 After discovery, Defendants filed a motion for summary judgment, pointing out Plaintiff's responses to their interrogatories did not name any qualified expert that could testify to the malpractice. They listed undisputed facts, never contested by Plaintiff. They attached an affidavit from Dr. Waltner stating that at no time did his medical management of Plaintiff fall below accepted standards of medical care. In addition they attached Plaintiff's medical records.

■ ¶4 Plaintiff did not file a response to Defendants' motion and the trial court granted it. Because Plaintiff failed to respond to the motion for summary judgment, she presented no evidence to controvert Defendants' evidence, in the form of Dr. Waltner's affidavit, Plaintiff's medical records, and her answers to the interrogatories. However, Defendants were not entitled to summary judgment solely because Plaintiff did not respond. There can be no summary judgment by default. Even if the party against whom summary judgment is sought files no response, the trial court must ensure that the motion is meritorious. *Spirgis v. Circle K Stores, Inc.,* 1987 OK CIV APP 45, 743 P.2d 682. The Court in Spirgis stated:

The trial court must examine the evidentiary materials supporting the motion and if all the material facts are addressed and are supported by admissible evidence, those facts are admitted and judgment for the movant is proper. However, if the movant has not addressed all material

1. This section provides:
A. 1. In any medical liability action, except as provided in subsection B of this section, the plaintiff shall attach to the petition an affidavit attesting that:
a. the plaintiff has consulted and reviewed the facts of the claim with a qualified expert,
b. the plaintiff has obtained a written opinion from a qualified expert that clearly identifies the plaintiff and includes the expert's determination that, based upon a review of the available medical records, facts or other relevant material, a reasonable interpretation of the facts supports a finding that the acts or omissions of the health care provider against whom the action is brought constituted professional negligence, and
c. on the basis of the qualified expert's review and consultation, the plaintiff has concluded that the claim is meritorious and based on good cause.

2. If a medical liability action is filed:
a. without an affidavit being attached to the petition, as required in paragraph 1 of this subsection, and
b. no extension of time is subsequently granted by the court, pursuant to subsection B of this section,
the court shall, upon motion of the defendant, dismiss the action without prejudice to its refiling.
3. The written opinion from the qualified expert shall state the acts or omissions of the defendant(s) that the expert then believes constituted professional negligence and shall include reasons explaining why the acts or omissions constituted professional negligence. The written opinion from the qualified expert shall not be admissible at trial for any purpose nor shall any injury be permitted with regard to the written opinion for any purpose either in discovery or at trial.

facts, or if one or more such facts is not supported by admissible evidence, judgment for the movant is not proper.

¶ 5 In order to determine whether the trial court's grant of summary judgment was proper, we must examine the elements of a medical malpractice claim. Three evidentiary elements are essential to a prima facie case of negligence: (1) a duty owned by the defendant to protect the plaintiff from injury, (2) a failure properly to exercise or perform that duty, and (3) an injury to plaintiff proximately caused by the defendant's breach of that duty. *Nealis v. Baird,* 1999 OK 98, 996 P.2d 438.

¶ 6 It is well settled that in all but the extraordinary medical malpractice case, the plaintiff has the burden of producing expert testimony to support a prima facie case of negligence. If the origin of the injury is subjective or obscure and not readily apparent to a layman, or if there are several equally probable causes of the condition, testimony of a qualified physician is essential to establish a reasonable probability the physician's negligence caused the injury. In a medical malpractice action, evidence of medical standard in the community may be established by testimony of the defendant physician. *Robertson v. La Croix,* 1975 OK CIV APP 14, 534 P.2d 17.

¶ 7 Whether a nurse may be considered a "qualified medical expert" for the purposes of § 1–1708.1E is not critical to this decision and we do not decide that issue. In face of Defendants' motion for summary judgment, Plaintiff offered no facts to support her claim Dr. Waltner breached his duty to her. Neither did she present any facts to support her claim his treatment caused her injury.

¶ 8 In reviewing an order granting summary judgment, the appellate standard of review is de novo. This Court, like the trial court, will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Kirkpatrick v. The Chrysler Corporation,* 1996 OK 136, 920 P.2d 122. A party resisting a motion for summary judgment may not rely on allegations of its pleadings or bald contentions that facts exist

to defeat the motion for summary judgment. *Gonser v. Decker,* 1991 OK CIV APP 64, 814 P.2d 1056. A ruling on a motion for summary judgment is to be made on the record which the parties have actually presented and not on the record which is potentially possible. *Culpepper v. Lloyd,* 1978 OK 90, 583 P.2d 500. Plaintiff presented nothing to contradict Defendants' assertions. Accordingly, the order of the trial court granting summary judgment to Defendants is AFFIRMED.

BUETTNER, C.J., and JOPLIN, P.J., concur.