**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-10948
Summary Calendar

KAMAL K. PATEL,

Plaintiff-Appellant,

versus

JOSE SANTANA, Regional Designator; JASON SICKLER, Regional Counsel;
BUREAU OF PRISONS,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 4:08-CV-252

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Kamal Patel alleges that federal prison officials revoked a previously-ap-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

proved transfer to retaliate against him for exercising his constitutional right of access to the courts. Patel sued the Bureau of Prisons ("BOP") and two of its officials for monetary and injunctive relief. The district court dismissed all claims with prejudice. We affirm in part and reverse and remand in part.

I.

Patel is an inmate in a Pennsylvania federal prison. In 2005, while housed at a federal prison in Texas, he sued the United States *pro se* in the Northern District of Texas under the Federal Tort Claims Act ("FTCA"), alleging that the BOP had given him inadequate medical treatment.

In the course of that litigation, the government approached Patel with a settlement offer whereby the government would agree to provide a certain amount of medical care if Patel would drop his lawsuit. The district court found that the government's consideration in this settlement offer was "illusory," because the government already owed Patel the level of care offered.[1]

In 2006, the district court in Texas transferred the action to the Eastern District of Arkansas, because Patel had been reassigned to a prison in that area. Patel objected to the transfer, because he feared that the Arkansas court would not be "as sensitive to improprieties on the part of the government and its counsel" as the court in Texas had been.[2]

According to Patel, his fears about the transfer were vindicated. While his FTCA action was still in the Northern District of Texas and he was incarcerated

---

[1] Order Transferring Case, filed Apr. 12, 2006, at 10.

[2] *See id.* at 11. In its Order Transferring Case, the district court explained that the government had made false allegations about Patel's involvement in a violent incident, had given false information about Patel's medical condition, and had tricked Patel into undergoing a medical examination for the government's litigation purposes by making Patel believe it was part of his treatment. *Id.* at 11 n.5. After the transfer to the Eastern District of Arkansas, the case was transferred to the Eastern District of North Carolina, then back to the Northern District of Texas.

in Arkansas, he had requested to be transferred to a prison in Texas to be closer to his family. He claims that the BOP had approved that request and that the transfer was imminent. But, he avers, shortly after his suit was transferred to the Eastern District of Arkansas, the Bureau revoked his move back to Texas.

Patel alleges that the BOP revoked his already-approved prison transfer to retaliate for his decision to continue litigating the FTCA action instead of accepting the settlement offer. That allegation forms the basis of the case at hand.

## II.

Patel sues for retaliation against his exercise of his First Amendment right of access to the courts.[3] He seeks injunctive relief against the BOP and defendant Jose Santana to reinstate his transfer to a Texas federal prison. He seeks monetary relief against Santana and Jason Sickler.

The district court dismissed with prejudice all of Patel's claims *sua sponte*, in accordance with the screening provisions of the Prison Litigation Reform Act ("PLRA"), codified at 28 U.S.C. § 1915A.[4] The court characterized Patel's claim against the BOP as arising under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Noting that *Bivens* authorizes claims against only individual federal officers, not agencies, the court dismissed

---

[3] A prisoner's constitutional right to access the courts is an aspect of his First Amendment right to petition the government for redress of grievances. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977) ("It is now established beyond a doubt that prisoners have a constitutional right of access to the courts."); *see also Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983) ("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances.").

[4] Section 1915A(a) and (b)(1) provides that "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted."

all claims against the BOP.[5]

The court next turned to Patel's claims against Santana and Sickler, holding that to maintain a retaliation claim in this circuit, a plaintiff must allege an actual injury from denial of a specific constitutional right. Because Patel was still prosecuting his FTCA action, the court reasoned, he could not claim that his right to access the courts had been infringed by the defendants, so he could not bring a retaliation claim.

Finally, the district court noted that the PLRA at 42 U.S.C. § 1997e(e), along with this circuit's precedent, precludes a prisoner from bringing actions for compensatory damages for constitutional violations without a showing of physical injury. Because Patel had made no such showing, that also was grounds for dismissing the claim for compensatory relief against Santana and Sickler.

Patel filed a "motion for reconsideration," which the district court construed as a motion for new trial. In a brief supporting his motion, Patel argued that the court had applied the incorrect legal standard for his retaliation claim. He also contended that, to the extent his claims against the Bureau could be construed as *Bivens* claims, he should be given an opportunity to amend his complaint. The district court denied reconsideration, and Patel appeals.

III.

We review dismissals under § 1915A *de novo*. *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). We address, in turn, the dismissal, with prejudice, of Patel's claims against the BOP, then the claims against Santana and Sickler.

A.

Patel argues that the district court improperly characterized his claims for

_____

[5] *See Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86 (1994).

injunctive relief against the BOP as arising under *Bivens*. He further asserts that, even if his complaint could be construed in this way, the court should have given him the chance to amend and clarify his complaint instead of dismissing his claims against the BOP with prejudice.

We agree. The complaint did not request relief against the BOP under *Bivens* but, in fact, specifically requested only injunctive relief against the BOP —a form of relief that would not be proper under *Bivens*.[6]

We express no opinion about whether Patel will be able to show that the district court has jurisdiction over his claims against the BOP on a ground other than *Bivens*. We note, however, that "*[p]ro se* prisoner complaints must be read in a liberal fashion and should not be dismissed unless it appears beyond all doubt that the prisoner could prove no set of facts under which he would be entitled to relief." *Parker v. Carpenter*, 978 F.2d 190, 192 (5th Cir. 1992) (citation omitted). To the extent that Patel's complaint is ambiguous in identifying a cause of action against the BOP, he should have been given leave to amend his complaint without prejudice.

## B.

Patel seeks compensatory, punitive, and nominal damages against Santana and Sickler and injunctive relief against Santana. The claims for compensatory relief are barred by § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." As the district court rightly pointed out, our precedent holds that "[s]ection 1997e(e) applies to

---

[6] *Bush v. Lucas*, 462 U.S. 367, 378 (1983) (discussing the Court's line of *Bivens* cases and concluding that "[t]he federal courts' statutory jurisdiction to decide federal questions confers adequate power to award *damages* to the victim of a constitutional violation.") (emphasis added).

all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). Because Patel alleges no physical injury resulting from the revocation of his prison transfer, he cannot recover compensatory damages.

What remains, then, are Patel's retaliation claims for punitive and nominal damages and injunctive relief.[7] "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006) (citation omitted).

The district court dismissed Patel's retaliation claims because it found that he failed on the first prong. Though acknowledging that Patel could show he had a constitutional right to access to the courts under the First Amendment, the court held that he needed to show, further, that the complained-of act––the revocation of his prison transfer––had hindered his ability to pursue his FTCA action. Because Patel was still litigating the FTCA action, the court concluded that he could make no such showing.

The district court relied on *Lewis v. Casey*, 518 U.S. 343, 351 (1996), for the proposition that a prisoner seeking redress for the violation of his right of access to the courts must "go one step further and demonstrate that the alleged [infringing act] hindered his efforts to pursue a legal claim." The plaintiff in *Lewis*, however, did not allege retaliation against his exercise of his First Amendment right of access to courts; he alleged a direct infringement of that right (in his case, because of inadequate prison law library access).

---

[7] Although § 1997e(e) bars Patel's claims for compensatory damages, it does not bar his other requests for monetary relief, punitive and nominal damages. *Hutchins v. McDaniels*, 512 F.3d 193, 198 (5th Cir. 2007).

This case is different. Patel's claim is one of retaliation for––not direct hindrance of––his exercise of a constitutional right. Where a prisoner makes a retaliation claim, he is not required to show that the alleged retaliatory act is still ongoing in a way that is directly preventing future exercise of his constitutional right. In the retaliation context, we use a different standard.

In *Morris*, 449 F.3d at 686, we announced a *de minimis* standard for prisoner retaliation claims: "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." "[T]his [*de minimis*] threshold is intended to weed out only inconsequential actions and is not a means to excuse more serious retaliatory acts by prison officials." *Id*.

Our analysis in *Morris* focused on the third of four showings a prisoner must make in a retaliation claim––a retaliatory adverse act––and not on the first, initial showing of a specific constitutional right. *Id*. at 684. This is where the district court also should have begun its analysis.

The question is not whether Patel can show that the revocation of his transfer is actively preventing him from litigating his FTCA claim; rather, the issue is whether the revocation of a previously approved prison transfer is a sufficiently chilling retaliatory act––that is, one that would deter a person of ordinary firmness from subsequently exercising his right of access to the courts. It follows that, because it applied the incorrect legal standard for prisoner retaliation claims, it was improper for the district court to dismiss Patel's claims against the two individual defendants.

## IV.

For the foregoing reasons, we AFFIRM the dismissal of the compensatory damage claims against Santana and Sickler. We REVERSE the dismissal of the claims for nominal and punitive damages against Santana and Sickler and the

dismissal of the claims for injunctive relief against Santana and the BOP. We REMAND for further proceedings. We express no view on the ultimate merits of this case or on what rulings the district court should make on remand.