# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 30, 2010

No. 09-40272

Lyle W. Cayce
Clerk

KAMAL K. PATEL,

Plaintiff - Appellant

v.

RESTY BALUYOT; DOCTOR'S HOSPITAL; UNIDENTIFIED PARTY,
Unknown Number of John Does,

Defendants - Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:02-CV-603

Before GARWOOD, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Kamal K. Patel, a federal prisoner, appeals the district court's summary judgment dismissal of his medical malpractice claim brought under Texas law against Dr. Resty Baluyot and Doctor's Hospital. Additionally, he appeals the denial of his motions for (1) appointment of a medical expert, (2)

---

[*]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

09-40272

costs and attorney's fees, and (3) sanctions. We affirm the district court's grant of summary judgment and dismiss Patel's other claims for lack of jurisdiction.

## I.

On May 15, 2001, Patel injured his right biceps muscle playing basketball. On July 6, 2001, he was examined by an orthopedic surgeon who, believing that Patel might have a rupture of the distal, right biceps tendon, recommended that an MRI be taken of Patel's right elbow.  The MRI was done at Doctor's Hospital and read by Dr. Baluyot on January 17, 2002, approximately eight months after the injury.   Dr. Baluyot originally reported that the MRI showed no demonstrable injuries or abnormalities. Two months later, Patel asked Dr. Baluyot to reexamine the MRI.  Upon reexamination of the MRI, Dr. Baluyot determined that there was "a partial and almost total rupture of the biceps tendon."

On September 9, 2002, Patel filed suit against Dr. Baluyot and Doctor's Hospital alleging that Dr. Baluyot was negligent in interpreting the MRI and failing to correctly diagnose the injury to his biceps tendon, and that Doctor's Hospital was vicariously liable for Dr. Baluyot's diagnosis under the theory of respondeat superior.  Patel alleged that as a result of Dr. Baluyot's original diagnosis, his prison treatment program switched from prescribed rest of the arm to exercise, which resulted in additional injury that would not have occurred had Dr. Baluyot correctly diagnosed his injury in his initial examination. Furthermore, Patel alleged that the delay in receiving the proper diagnosis prevented him from repairing the tendon through surgery because the delay allowed scar tissue to form that made the surgery impossible.

Patel filed an application to proceed *in forma pauperis* ("IFP") along with a motion for the appointment of a medical expert.  Those motions were  referred

09-40272

to Magistrate Judge Radford, who concluded that Patel was not entitled to a court-appointed expert merely to help him prove his claim. In the same order, Magistrate Judge Radford also denied Patel's motion to proceed IFP. Later, Patel filed a motion for costs and attorney's fees under Federal Rule of Civil Procedure 4(d)(2) for the costs of formal service of process on Dr. Baluyot. He also filed a motion requesting that the court sanction Dr. Baluyot. Agreeing partially with Patel, Magistrate Judge Radford awarded him $240.79 in expenses—which represented his costs for effecting service upon Dr. Baluyot, minus attorney's fees. In the same order, Magistrate Judge Radford denied Patel's motion for sanctions against Dr. Baluyot. Patel never filed any objections to the orders issued by Magistrate Judge Radford.

Dr. Baluyot and Doctor's Hospital filed motions for summary judgment, asserting that they were entitled to judgment as a matter of law because Patel could not prove the necessary elements of his claim without expert testimony. Their motions were referred to Magistrate Judge Giblin, who concluded that Texas state law provided the standard of care; and that under it, without proof from an expert, Patel could not create a material issue of fact as to whether his treatment fell below the necessary standard of care. Consequently, Magistrate Judge Giblin recommended that the district court grant the motions for summary judgment. Patel timely filed written objections to the report and recommendation. The district court overruled Patel's objections, accepted the magistrate judge's report and recommendation, and granted the motions. At no point during the litigation did Patel ever assert that Doctor's Hospital should be assessed costs for failing to waive service of process.

Patel appeals the district court's grant of summary judgment and asserts that it erred in not assessing costs against Doctor's Hospital for failing to waive

3

service of process.   Patel also appeals Magistrate Judge Radford's orders in which he refused to appoint an expert, refused to award Patel attorney's fees, and refused to issue sanctions against Dr. Baluyot.

## II.

Patel argues that Magistrate Judge Radford abused his discretion by failing to appoint a medical expert under Federal Rule of Evidence 706, failing to award him attorney's fees, and failing to issue sanctions against Dr. Baluyot. Before addressing the merits of Patel's arguments, we must first determine whether we have jurisdiction. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). As a general rule, the findings of a magistrate judge are not final, appealable orders within the meaning of 28 U.S.C. § 1291 and may not be appealed to this court directly. *See Trufant v. Autocon, Inc.*, 729 F.2d 308, 309 (5th Cir. 1984) (per curiam).   Instead, a party dissatisfied with a magistrate judge's decision must instead obtain relief by objecting to the magistrate judge's findings and recommendations, thereby compelling the district court to review his objections de novo.   *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998); *cf.* FED. R. CIV. P. 72.   But, there is a limited exception to this general rule: "Under 28 U.S.C. § 636(c)(1), a district court, with the voluntary consent of the parties, may authorize a magistrate [judge] to conduct proceedings and enter final judgment in a case; such judgment is then appealable to the circuit court directly." *Trufant*, 729 F.2d at 309.

After thoroughly reviewing the record, we find no evidence that Patel consented to Magistrate Judge Radford's jurisdiction to enter a final judgment on any of the orders that he now appeals. The record reveals no filings seeking a ruling by the district court to any objections raised by Patel concerning Magistrate Judge Radford's denial of his motions.  Nor does the record reveal

09-40272

any ruling by the district court concerning the denial of the motions. Absent the consent of the parties to the magistrate judge's authority to enter a final judgment or a final, appealable order entered by the district court, we lack jurisdiction to consider Patel's challenge to the magistrate judge's denial of his motions. *See United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980). Accordingly, this portion of Patel's appeal must be dismissed for lack of jurisdiction.

As far as Patel's contention that the district court erred by not assessing costs against Doctor's Hospital for failing to waive service, our review of the record indicates that Patel never moved for such costs to be assessed against the hospital. Accordingly, because Patel's "motion" for costs against Doctor's Hospital was never before the district court nor ruled upon by it, there is no issue in regards to that "motion" to consider on appeal, and we dismiss it as well for lack of jurisdiction.

### III.

We turn now to the grant of summary judgment, which we review de novo. *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1326 (5th Cir. 1996). Summary judgment is appropriate where, considering all the allegations in the pleadings, depositions, admissions, answers to interrogatories, and affidavits, and drawing inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56.

We apply Texas substantive law in our analysis of Patel's medical

5

malpractice claim.[1] *Aubris Res. LP v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 483, 486 (5th Cir. 2009); *see also Erie R.R. v. Tompkins*, 304 U.S. 64, 78–79 (1938). Under Texas law, in a medical malpractice action, the plaintiff bears the burden of proving (1) a duty by the physician or hospital to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causal connection between the breach of care and the injury. *Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003). The plaintiff must establish the standard of care as a threshold issue before the factfinder may consider whether the defendant breached that standard of care to the extent it constituted negligence. *Id.* "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required" to meet the plaintiff's burden of proof. *Hood v. Phillips*, 554 S.W.2d 160, 165–66 (Tex. 1977). In other words, subject to the narrow exception discussed above, a plaintiff must produce expert testimony to prove the applicable standard of care, a breach of that standard, and a causal connection between the breach and the harm suffered in medical malpractice cases in Texas. *See Hannah v. United States*, 523 F.3d 597, 601–02 (requiring expert testimony to show standard of care and breach under Texas law); *Guile v. United States*, 422 F.3d 221, 225 (5th Cir. 2005) (requiring expert testimony to show breach and causation under Texas law).

Patel contends that any layperson could discern that the standard of care was not met in his case because Dr. Baluyot revised his interpretation after

---

[1] Patel argues that Texas substantive law should not have been applied in this case by the district court. This argument has no merit because it is well established that under the *Erie* doctrine federal courts sitting in diversity apply state substantive law. *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).

reexamining Patel's MRI. A layperson is not equipped with the specialized knowledge and understanding necessary to determine whether Dr. Baluyot complied with the applicable standard of care when he interpreted his MRI. *See, e.g., Haddock v. Arnspiger*, 793 S.W.2d 948, 954 (Tex. 1990); *Shelton v. Sargent*, 144 S.W.3d 113, 120–21 (Tex. App.— Fort Worth 2004, pet. denied) ("Medical decisions about performing and interpreting mammograms, sonograms, biopsies, and other diagnostic procedures require professional training and are not common knowledge."). Furthermore, while Patel suggests that the inconsistency between the MRI readings is sufficient to establish his case, the chain of causation between the inconsistency and Patel's injury is not obvious. As a result, expert testimony was necessary to establish that any delay resulting from the inconsistent readings caused further injury or prevented Patel from attempting to have the tendon surgically repaired. *See Columbia Med Ctr. of Las Colinas v. Hogue*, 271 S.W.3d 238, 246 (Tex. 2008).

In sum, Patel was required to present expert testimony to establish the applicable standard of care, to show how the care he received breached that standard, and to establish causation. It is undisputed that Patel neither designated nor hired an expert to testify on his behalf. By pointing out the need for, and lack of, expert testimony, Dr. Baluyot and Doctor's Hospital met their summary judgment burden.[2]

---

[2] Patel argues that Dr. Baluyot's affidavit does not constitute competent summary judgment evidence. His argument is irrelevant to the resolution of this case. Summary judgment was granted in favor of the Defendants because Patel could not establish facts in support of his claim, not because of anything said by Dr. Baluyot in his affidavit. *See GeoSouthern Energy Corp. v. Chesapeake Operating Inc.*, 274 F.3d 1017, 1020 (5th Cir. 2001) ("Summary judgment is appropriate if the nonmovant fails to establish facts supporting an essential element of his *prima facie* claim.").

09-40272

## IV.

For the reasons discussed above, we affirm the district court's grant of summary judgment and dismiss Patel's other claims for lack of jurisdiction.