**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 19, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KAMAL K. PATEL,

        Plaintiff – Appellant,

v.

UNITED STATES OF AMERICA;
UNITED STATES BUREAU OF
PRISONS; UNITED STATES
DEPARTMENT OF JUSTICE;
FEDERAL CORRECTIONAL
INSTITUTION OKLAHOMA CITY,
OK; FEDERAL CORRECTIONAL
INSTITUTION BASTROP, TX;
FEDERAL CORRECTIONAL
INSTITUTION BEAUMONT, TX;
FEDERAL CORRECTIONAL
INSTITUTION BIG SPRING, TX,

        Defendants – Appellees.

No. 09-6299
(D.C. No. 5:08-CV-01168-D)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, Circuit Judge, **PORFILIO** and **BRORBY**, Senior Circuit
Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Kamal K. Patel, a federal prisoner proceeding pro se and in forma pauperis, appeals the district court's entry of summary judgment in favor of the Federal Bureau of Prisons (BOP) and the United States on his claims under the Federal Torts Claim Act (FTCA), 28 U.S.C. § 1346(b)(1), and the Privacy Act, 5 U.S.C. § 552a.  We affirm.

## I. BACKGROUND

In 2001, while assigned to the work cadre at the Federal Transfer Center in Oklahoma City, Oklahoma, Mr. Patel injured his right bicep tendon.  He was given conservative medical care and temporarily excused from performing his prison job.  Supported by a memorandum asserting work-cadre program needs and Mr. Patel's law-library requirements,  Federal Transit Center personnel effected Mr. Patel's transfer to a Federal Correction Institution (FCI) in Texas.  There, he received nonsurgical medical care for his injury and access to a traditional law library.[1]

---

[1]     As a prisoner, Mr. Patel has been a prolific litigator.  *See Patel v. Baluyot*, 2010 WL 2724858 (5th Cir. June 30, 2010); *Patel v. Santana*, 348 F. App'x 974 (5th Cir. 2009); ; *Patel v. Prince*, 276 F. App'x 531, 532 (8th Cir. 2008); *Patel v. Wooten*, 264 F. App'x 755 (10th Cir. 2008); *Patel v. U.S. Bureau of Prisons*, 515 F.3d 807 (8th Cir. 2008); *Patel v. Sanders*, 180 F. App'x 607 (8th Cir. 2006); *Patel v. Fleming*, 415 F.3d 1105 (10th Cir. 2005); *Patel v. Morris*, 37 F. App'x 428 (10th Cir. 2002); *Patel v. Wooten*, 15 F. App'x 647 (10th Cir. 2001).

Mr. Patel filed a complaint in 2004 in the United States District Court for the District of Columbia. He alleged that BOP officials and employees denied him prompt and adequate medical care for his bicep injury and fabricated information to justify his transfer. He also asserted that Texas FCI personnel improperly intercepted his letter to a newspaper describing discrimination in inmate discipline. His causes of action included medical-malpractice and negligent-transfer claims under the FTCA, violations of the Privacy Act, and common-law tort claims.

As time passed, Mr. Patel was transferred within the BOP system from Texas to Arkansas, North Carolina, and Pennsylvania. His case was similarly transferred within the federal-court system. Upon Mr. Patel's motion to transfer the case to Pennsylvania, the district court for the Middle District of Pennsylvania accepted the government's argument that the Western District of Oklahoma was the forum with the most meaningful connection to the case and transferred the matter to that court in October 2008.

By the time the Oklahoma district court received the voluminous case files, the Arkansas district court had dismissed all the claims relevant to this appeal except the FTCA medical-malpractice claim, the FTCA negligent-transfer claim, and the Privacy Act claim regarding allegedly false information in the transfer memorandum. Moreover, appointed counsel in North Carolina had filed an amended complaint and a motion to withdraw.

The district court granted the North Carolina attorney's motion to withdraw and denied Mr. Patel's motion for appointment of new counsel. It also denied his motion for appointment of a medical expert or, alternatively, an order requiring BOP officials to allow a privately retained physician to examine him. Upon recommendation of the assigned magistrate judge, the district court entered summary judgment on Mr. Patel's medical-malpractice FTCA claim. The court refused to revisit the Arkansas district court's failure-to-exhaust determination. Later, the district court entered summary judgment on the Privacy Act transfer claim, after Mr. Patel failed to file timely objections to the magistrate judge's report and recommendation.

## II. DISTRICT COURT JURISDICTION

In his appeal, Mr. Patel first argues that jurisdiction was proper only in Arkansas and therefore the Oklahoma district court lacked subject-matter jurisdiction. Mr. Patel has "confused" the issue of venue with jurisdiction. *1mage Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1052 n.13 (10th Cir. 2006). "The jurisdiction of the federal courts—their power to adjudicate—is a grant of authority to them by Congress . . . . But the locality of a law suit—the place where judicial authority may be exercised—though defined by legislation relates to the convenience of litigants and as such is subject to their disposition." *Id.* (quotation omitted). The federal courts have subject-matter

-4-

jurisdiction over "all civil actions arising under the . . . laws . . . of the United States, 28 U.S.C. § 1331, and civil claims against the United States, *id.*, § 1346.

Because Mr. Patel's FTCA and Privacy Act claims arise under federal statutes and assert liability of the United States and the BOP, jurisdiction was proper in the Western District of Oklahoma. Moreover, we conclude that the district court did not abuse its discretion in denying Mr. Patel's motion to transfer the case back to Arkansas. *Employers Mut. Cas. Co. v. Bartile Roofs, Inc.*, ___ F.3d ____, Nos. 08-8064, 08-8068, 2010 WL 3473382, *8-*9 (10th Cir. Sept. 7, 2010) (setting forth abuse-of-discretion standard and listing relevant factors for the court's consideration).

### III. SUMMARY JUDGMENT

We review a grant of summary judgment de novo, applying the same standard as the district court. *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1184 (10th Cir. 2010). "That is, summary judgment is appropriate where no genuine issue of material fact exists, and the moving party is entitled to judgment as a matter of law." *Id.* (quotation omitted). "In applying this standard, we examine the factual record and draw reasonable inferences therefrom in the light most favorable to [Mr. Patel,] the nonmoving party." *Id.* (quotation omitted). We liberally construe Mr. Patel's pro-se filings. *See De Silva v. Pitts*, 481 F.3d 1279, 1284 n.4 (10th Cir. 2007).

## A. FTCA Claims

### 1. Medical-Malpractice

The district court entered summary judgment on Mr. Patel's claim that BOP employees in Oklahoma were negligent in failing to schedule him for surgery within sixty days after his injury and in transferring him when he was in need of surgery. Mr. Patel argues that the district court erred in refusing to appoint a medical expert or require the BOP to allow an examination by a privately paid physician. Alternatively, he asserts that no expert was needed because the medical record demonstrates all elements of his medical malpractice claim.

The FTCA provides that the United States may be liable for an employee's negligence "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). "To establish negligence liability for an injury under Oklahoma law, plaintiffs must prove that (1) defendants owed them *a duty to protect* them from injury, (2) defendants *breached that duty*, and (3) defendants' *breach was a proximate cause* of plaintiffs' injuries." *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1227 (10th Cir. 2007) (quotation omitted).

The elements of an Oklahoma medical malpractice claim are the same as any other negligence claim. *See Roberson v. Jeffrey M. Waltner, M.D., Inc.*, 108 P.3d 567, 569 (Okla. Civ. App. 2005). Additionally, "in all but the

-6-

extraordinary medical malpractice case, the plaintiff has the burden of producing expert testimony to support a prima facie case of negligence." *Id.* As a general rule, the "testimony of a qualified physician is essential to establish a reasonable probability the physician's negligence caused the injury." *Id.*

Rule 706(a) of the Federal Rules of Evidence authorizes the district court to appoint an expert witness. Because this authority is discretionary, however, we may overturn the denial of a motion for appointment of an expert only for abuse of discretion. *Duckett v. Mullin*, 306 F.3d 982, 999 (10th Cir. 2002). Under this standard, the district court's "decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Okla. ex rel. Edmondson v. Tyson Foods, Inc.*, ___ F.3d ___, 2010 WL 3637041, at *7 (10th Cir. Sept. 21, 2010) (quotation omitted).

In light of the district court's independent examination of Mr. Patel's medical records, we cannot say that its refusal to appoint an expert, whether or not paid by Mr. Patel, constituted an abuse of discretion. And to the extent Mr. Patel was seeking court payment of expert fees, we note that the in forma pauperis statute makes no provision for litigation expenses other than the reproduction of the record and transcripts. *See* 28 U.S.C. § 1915(c). We agree with the Third Circuit that:

-7-

> The plaintiffs' dilemma in being unable to proceed in this damage suit because of the inability to pay for expert witnesses does not differ from that of nonprisoner claimants who face similar problems. Nonprisoners often resolve that difficulty through contingent fee retainers with provisions for arranging expert testimony. By seeking government funding in this case, plaintiffs are in effect asking for better treatment than their fellow-citizens who have not been incarcerated but who have at least equal claims for damages.

*Boring v. Kozakiewicz,* 833 F.2d 468, 474 (3rd Cir. 1987).

Furthermore, Mr. Patel's case is not an "extraordinary medical malpractice case," with injury "readily apparent to a layman." *Roberson*, 108 P.3d at 569. Thus, expert testimony was "essential" to allow it to survive a motion for summary judgment. *Id.* Because he failed to present expert evidence, his FTCA malpractice claim was properly subject to summary judgment.

### Negligent Transfer

The theory underlying Mr. Patel's FTCA negligent-transfer claim is similar to his medical claim: the BOP caused injury by transferring him before providing surgical treatment. This claim was not directly addressed by the district court, on the ground that it was omitted from the counseled Amended Complaint and therefore withdrawn. We conclude, however, that the Amended Complaint sufficiently alleged a negligent-transfer claim.

Accordingly, we address this claim in the first instance on appeal. The general rule against "consider[ing] an issue not passed upon below" gives way "where the proper resolution is beyond any doubt, or where injustice might

otherwise result." *Johnson v. Champion*, 288 F.3d 1215, 1229 (10th Cir. 2002) (quotations omitted). Here, the appropriate outcome is evident and a prolongation of this protracted matter would be an injustice.

Mr. Patel's negligent transfer claim requires a showing of duty, breach of duty, and proximate cause. *See Beugler*, 490 F.3d at 1227. Because Mr. Patel failed to demonstrate either a breach of duty or damages proximately caused by the government's action, his claim is subject to summary judgment.

## Privacy Act Transfer Claim

Mr. Patel argues that the government relied on falsehoods to justify his transfer from the Federal Transit Center. Under the Privacy Act, an individual may sue a federal agency for damages if the agency willfully or intentionally fails to maintain his records in an appropriate manner. 5 U.S.C. § 552a(g)(1)(C), (g)(4).[2] In order to establish a claim for damages under these provisions, a plaintiff must show:

> (1) he has been aggrieved by an adverse determination; (2) the agency failed to maintain his records with the degree of accuracy necessary to assure fairness in the determination; (3) the agency's reliance on the inaccurate records was the proximate cause of the adverse determination; and (4) the agency acted intentionally or willfully in failing to maintain accurate records.

---

[2]     In 2002, BOP records became exempt from liability under the Privacy Act, but the exemption post-dated Mr. Patel's claim. *See* 28 C.F.R. § 16.97(j)).

*Gowan v. United States Dep't of Air Force*, 148 F.3d 1182, 1192 (10th Cir. 1998) (alterations and quotation omitted). The magistrate judge's report and recommendation, adopted by the district court, concluded that the undisputed facts showed the BOP's entitlement to summary judgment. It determined that the verifiable factual statements in the memorandum were sufficiently accurate and that statements of opinion do not provide a basis for liability under the Privacy Act. *See Kleiman v. Dep't of Energy,* 956 F.2d 335, 337-38 (D.C. Cir. 1992) (stating that "[t]he Privacy Act allows for amendment of factual or historical errors" but is not "a vehicle for amending the judgments of federal officials") (quotation omitted). The district court correctly entered summary judgment on the Privacy Act claim.

## IV. DISMISSAL

Mr. Patel also raises appellate issues on his other Privacy Act claims. The Arkansas district court dismissed these claims for failure to exhaust administrative remedies. Specifically, it determined that Mr. Patel did not complete the fourth and final step of the BOP grievance process and entered a dismissal for failure to exhaust administrative procedures. We see no error in the analysis of the grievance record.

Also, in Oklahoma district court, Mr. Patel sought reconsideration of the dismissal, arguing that the Supreme Court case of *Jones v. Bock*, 549 U.S. 199 (2007), required a different result. He renews that argument on appeal. In *Bock*,

the Court held that the exhaustion requirement of the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a), is an affirmative defense not a pleading requirement. 549 U.S. at 216. In Mr. Patel's case, the grievance record was sufficient to make a definitive ruling on exhaustion. Moreover, the only effect of a re-analysis in light of *Bock* would be to enter summary judgment on the claim, rather than dismissal without prejudice. We decline to reverse the dismissal of his additional Privacy Act claims.

## V. ADDITIONAL ARGUMENTS RAISED ON APPEAL

To the extent they can be discerned in Mr. Patel's discursive briefs, his additional arguments involve: (1) a free-standing claim for injunctive relief with regard to appointment of a medical expert; (2) a new claim that by refusing to forward his mail, BOP officials violated his constitutional rights; (3) a lack of impartiality on the part of the district judge and magistrate judge; and (4) a failure to apply the law of the case. None of these contentions merit discussion and we reject them.

## VI. CONCLUSION

The district court's disposition of the case is AFFIRMED. Mr. Patel's motion for judicial notice is DENIED.

Entered for the Court


Wade Brorby
Senior Circuit Judge


-11-