2013 OK CIV APP 10

**Aaron TORIX, Plaintiff/Appellant,**

**v.**

**Tim BROWN, individually and as agent of the Town of Webbers Falls and The Town of Webbers Falls, Defendants/Appellees.**

**No. 109,888.**

Court of Civil Appeals of Oklahoma, Division No. 3.

Sept. 7, 2012.

Rehearing Denied Oct. 19, 2012.

Certiorari Denied Jan. 7, 2013.

---

1. 2004 Okla.Sess.Laws, ch. 182, § 1.

2. 2012 Okla.Sess.Laws, ch. 245, § 1.

Adam J. Strange, Jones Gotcher & Bogan, PC, Tulsa, Oklahoma, for Plaintiff/Appellant.

Betty Outhier Williams, Betty Outhier Williams Law Office, Muskogee, Oklahoma, for Defendant/Appellee, Tim Brown.

Thomas A. LeBlanc, Benjamin D. Reed, Matthew B. Free, Best & Sharp, Tulsa, Oklahoma, for Defendant/Appellee, Town of Webbers Falls.

ROBERT D. BELL, Presiding Judge.

¶1 Plaintiff/Appellant, Aaron Torix, appeals from the trial court's grant of summary judgment to Defendants/Appellees, Tim Brown and the Town of Webbers Falls, in Plaintiff's action for defamation, negligence

and intentional infliction of emotional distress. For the reasons set forth below, we affirm.

¶2 In early July 2009, two citizens of the Town of Webbers Falls filed separate reports with Tim Brown, the Webbers Falls police chief, alleging two town police officers, one of whom was Plaintiff, swindled them out of $220.00 in December 2005. Specifically, the reports claimed Deborah Sisco was stopped by the officers at a driver's license checkpoint and advised that she had an outstanding warrant from the City of Muskogee. Sisco alleged she was threatened with immediate arrest unless she paid the officers $220.00 in cash. Sisco and the other woman—Sisco's friend who brought the money to the scene—claimed they paid the officers and received some sort of receipt. (By July 2009, both Plaintiff and the other officer, Captain Joe Garrett, had left the Webbers Falls Police Department for unrelated reasons and were employed as law enforcement officers elsewhere).

¶3 Based upon the two women's complaints, Chief Brown prepared an affidavit and request for prosecution, and submitted them to the Muskogee County District Attorney's Office on July 9, 2009. Brown alleged Plaintiff and Garrett had committed grand larceny and conspiracy at the December 2005 traffic stop. Brown's affidavit added it was improper for officers from one agency to collect a cash bond for another agency, and officers from one jurisdiction cannot arrest individuals on a municipal warrant for a violation of another jurisdiction's local ordinance. The affidavit also alleged the two former officers had been contacted through their supervisors and offered a chance for an interview, but neither had responded. (Plaintiff later acknowledged he was made aware of the investigation, but did not contact Brown). Brown released a copy of his report to the Tulsa World newspaper, which ran an online article on July 9, 2009, stating Plaintiff and Garrett were being accused of illegally taking money from a citizen during a traffic stop. The newspaper issued a similar print article the next day.

¶4 On July 10, 2009, the Muskogee County District Attorney issued a press release exonerating Plaintiff and Garrett of any alleged wrongdoing in connection with the traffic stop. The actual facts from the December 16, 2005, incident are as follows. When Sisco was detained at the checkpoint, Plaintiff discovered Sisco had an outstanding warrant from the City of Muskogee. Plaintiff contacted Muskogee officials, who declined to take any action on the warrant. Torix then issued Sisco citations for driving with a suspended license and having no proof of insurance, and told her she would be arrested if she did not remit $220.00 cash to the officers as a cash bond for the citations. Upon receiving the money, Plaintiff signed and handed Sisco a receipt. The money was then turned over to Webbers Falls City Hall and deposited into the town's bank account. The district attorney verified the above facts and opined Plaintiff and Garrett acted professionally and legally executed their duties on the night in question. The Tulsa World published an article regarding the exoneration the next day. Chief Brown was thereafter fired for his mishandling of this incident.

¶5 Plaintiff then filed the instant suit alleging defamation, negligence and intentional infliction of emotional distress. All three theories of recovery were based on statements Chief Brown made to the press, later published, falsely accusing Plaintiff of having committed a crime. On separate motions from each defendant, the trial court granted summary judgment to Defendants. The trial court held: (1) Plaintiff was considered a public official for purposes of defamation and there is no evidence Chief Brown acted with "actual malice;" (2) Plaintiff's negligence claim must also fail because no actual malice was shown, and there is no evidence the town was negligent in hiring or retaining Brown; and (3) Plaintiff failed to prove Brown's actions were extreme and outrageous, or that such acts caused Plaintiff severe emotional distress. From said judgment, Plaintiff appeals. This matter stands submitted for accelerated appellate review without appellate briefs on the trial court record pursuant to Rule 13(h), *Rules for District Courts,* 12 O.S.2011, Ch. 2, App., and Rule 1.36, *Oklahoma Supreme Court Rules,* 12 O.S.2011, Ch. 15, App. 1.

¶ 6 This Court's standard of review of a trial court's grant of summary judgment is *de novo*. *Hoyt v. Paul R. Miller, M.D., Inc.*, 1996 OK 80, ¶ 2, 921 P.2d 350, 351–52. Summary judgment is proper when the evidentiary materials "establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law." *Shelley v. Kiwash Elec. Co-op.*, 1996 OK 44, ¶ 15, 914 P.2d 669, 674. "In reviewing a motion for summary judgment, all inferences and conclusions drawn from the evidence must be viewed in a light most favorable to the party opposing the motion . . . ." *Id.*

¶ 7 On appeal, Plaintiff contends the trial court erred in granting summary judgment and claims, without specificity, there is ample evidence to support the necessary elements of his claims against both defendants. Although we empathize with Plaintiff's plight, the law simply does not support a cause of action under the facts of this case.

▆▆ ¶ 8 With respect to Plaintiff's first cause of action, the trial court correctly noted that Plaintiff, as a police officer, is considered a "public official" for purposes of proving defamation. *Jurkowski v. Crawley*, 1981 OK 110, ¶ 5, 637 P.2d 56, 58. As such, Plaintiff was required to establish Chief Brown's statements to the press were "made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Id.*, quoting *New York Times v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964). *See also Hennessee v. Mathis*, 1987 OK CIV APP 35, ¶ 10, 737 P.2d 958, 962 (as "public officers" or "public officials," police officers required to prove malice in defamation action).

The "actual malice" standard to be met by the public figure is a formidable one. This Court has said that when public figures such as political candidates sue for libel or slander, their rights to recover are severely limited. "Actual malice" requires, for example, "false statements made with [a] high degree of awareness of their probable falsity." Failure to conduct a thorough investigation is not a sufficient basis to establish actual malice. Negligence is not enough to rise to the level of "actual malice," and malice may not be inferred simply from a showing that the publication was untrue.

*Herbert v. Oklahoma Christian Coalition*, 1999 OK 90, ¶ 19, 992 P.2d 322, 328 (footnote and citations omitted).

¶ 9 In the present case, Plaintiff has presented no evidence that Chief Brown's statements to the press were made with actual malice. Stated otherwise, Plaintiff has failed to show Brown made the statements with a high degree of awareness of their probable falsity. Although Brown's press statements were quickly determined to be false, malice cannot be inferred therefrom. The trial court correctly granted summary judgment to Defendants on this claim.

▆▆ ¶ 10 Plaintiff's claim for negligence also centers on Brown's statements to the press and not on his investigation. Absent the untrue statements to the press, Brown's improper investigation would have led to no potential damages. Like the trial court, we hold Plaintiff cannot escape the requirement to prove "actual malice" by pleading negligence instead of the intentional tort of defamation. As stated above, Plaintiff failed to present evidence of actual malice. We similarly hold there is insufficient evidence, as a matter of law, to support Plaintiff's claim that the town was negligent in hiring or retaining Brown.

▆▆ ¶ 11 In *Brock v. Thompson*, 1997 OK 127, 948 P.2d 279, the Supreme Court reiterated, "An action for intentional infliction of emotional distress will lie only where there is extreme and outrageous conduct *coupled with severe emotional distress.*" *Id.* at ¶ 35, 948 P.2d at 293–4 (emphasis added). In the present case, Plaintiff testified he has not experienced any mental or physical problems, nor has he sought any medical treatment, as a result of this incident. Plaintiff's allegation that the incident caused him to suffer stress falls well short of the "severe emotional distress" requirement of this cause of action.[1]

---

1. The only damages alleged by Plaintiff, other than his unsubstantiated claim of "stress," is his

¶ 12 Upon *de novo* review of the instant record, we hold there exists no genuine issue of material fact and that Defendants are entitled to judgment as a matter of law. Accordingly, the judgment of the trial court is affirmed.

¶ 13 AFFIRMED.

MITCHELL, J., and HETHERINGTON, J., concur.

speculation that the incident might prevent him from getting a better job in the future. "A party resisting a motion for summary judgment may not rely on allegations of its pleadings or bald contentions that facts exist to defeat the motion . . . ." *Roberson v. Jeffrey M. Waltner, M.D., Inc.,*

2005 OK CIV APP 15, ¶ 8, 108 P.3d 567, 569. Further, Plaintiff presented no evidence that he was denied any job or promotion based upon this incident, nor any evidence that his reputation had been damaged thereby.