United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2003**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 03-40226
Summary Calendar

SCOTT MARK LAIR; ET AL.,

Plaintiffs,

SCOTT MARK LAIR,

Plaintiff-Appellant,

versus

MIKE PURDY, Individually and as Warden FCI-TRV;
LARRY SANDSON; ROBERT SWAIN, Lieutenant, Individually
and as Lieutenant FCI-TRV; MIKE CARVAJAL, Individually
and as Lieutenant FCI-TRV; BERNIE AYALA, Individually
and as Correction Officer FCI-TRV; MIKE RUIZ, Individually
and as Deputy Sheriff Live Oak County; JOHN #1 DOE;
JOHN #2 DOE; JOHN #3 DOE; JOHN #4 DOE; JOHN #5 DOE;
UNITED STATES OF AMERICA,

Defendants-
Appellees.

--------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-01-CV-381
--------------------------------------------------------------------

Before SMITH, DEMOSS and STEWART, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR.

Federal prisoner Scott Mark Lair appeals the dismissal as frivolous, pursuant to 28 U.S.C. § 1915A, and for failure to exhaust, pursuant to 42 U.S.C. § 1997e, of his Bivens** suit. He first contends that the district court erred in using 28 U.S.C. § 1915A as the procedural vehicle to dismiss several of his claims because the defendants had already filed an answer to his complaint. However, Lair cites no legal authority in support of his proposition that screening may not be performed after a defendant has filed an answer to the complaint. The argument is belied by the statute, which provides that screening should be done "as soon as practicable after docketing"; it does not provide that screening may not be performed after an answer is filed. See 28 U.S.C. § 1915A(a).

If his brief is liberally construed, Lair renews the claims that he was subjected to harsher visitation rules than other inmates; that his placement in the Special Housing Unit ("SHU") was done in retaliation for filing a grievance; that his continued detention in SHU was based on his refusal to cooperate with the drug-smuggling investigation; that Deputy Sheriff Ruiz conspired to stop his common-law wife from obtaining his personal papers; that he was denied access to his attorney and his legal mail; and that the conditions of confinement in SHU violated his Eighth-Amendment rights. He does not renew his claims that his continued detention in SHU was based on fabricated documents; that the taking of his address book violated his Fourth Amendment rights; that he was denied access when his trial transcripts were mailed to his attorney instead of to him; or that John Does #2 and #3 harassed him. Those claims are thus waived. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

---

R. 47.5.4.

** Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971).

The district court dismissed all but Lair's Eighth Amendment claim pursuant to § 1915A. This court reviews dismissals under § 1915A de novo. Velasquez v. Woods, 329 F.3d 420, 421 (5th Cir. 2003).

The district court dismissed the First Amendment claims based on visitation irregularities, the due process claims based on Lair's placement in SHU, the retaliation claims against Lt. Swain and Officer Ayala, and the denial-of-access claim regarding Lair's trial transcripts as time-barred by the two-year statute of limitations. The dismissal of the denial-of-access claim is AFFIRMED. However, Lair has made a colorable showing that the limitations period should have been tolled as to the other claims dismissed as untimely during the time he was required to exhaust administrative remedies under Texas' common-law tolling rule that tolls the limitations period "when a person is prevented from exercising a legal remedy by the pendency of legal proceedings." Gartrell v. Gaylor, 981 F.2d 254, 257 (5th Cir. 1993); see 42 U.S.C. § 1997e(a); cf. Harris v. Hegmann, 198 F.3d 153, 158-59 (5th Cir. 1999). The dismissal of those claims as time-barred is VACATED, and the claims are REMANDED for further factual development regarding the specific actions Lair grieved and the time during which the limitations period was tolled thereby.

Lair's argument that the district court erred in dismissing his claims against the defendants in their official capacities lacks merit. See Affiliated Prof'l Home Health Care Agency v. Shalala, 164 F.3d 282, 286 (5th Cir. 1999). His contention that the amount of time he spent in SHU is a due process violation is similarly unavailing. See Pichardo v. Kinker, 73 F.3d 612, 613 (5th Cir. 1996); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995). Lair's denial-of-access claims regarding his inability to meet with his attorney or obtain his legal mail fail because he has not shown that his position as a litigant in any pending litigation was implicated. See Eason v. Thaler, 73 F.3d 1322,

1328 (5th Cir. 1996).  The conspiracy claim is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  The district court thus did not err in dismissing these claims under 28 U.S.C. § 1915A.

Although Lair renews his Eighth Amendment claim regarding the allegedly inhumane living conditions at SHU, the district court dismissed the claim for failure to exhaust, pursuant to 42 U.S.C. § 1997e(a), and Lair has waived any challenge to the district court's reason for dismissal by failing to brief it.  The remainder of the district court's judgment is AFFIRMED.

AFFIRMED IN PART, VACATED IN PART AND REMANDED.