**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 5, 2009

Charles R. Fulbruge III
Clerk

No. 08-31090
Summary Calendar

ANDREW WOLTERS,

Plaintiff-Appellant

v.

FEDERAL BUREAU OF PRISONS; FRED MENIFEE; JOE KEFFER; DIRECTOR SOUTH CENTRAL REGIONAL OFFICE; HARLEY G LAPPIN; G MALDONADO, JR.,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:08-CV-837

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Andrew Wolters, federal prisoner # 10010-12, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), complaint as frivolous and for failure to state a claim pursuant to 28 U.S.C. §§ 1915 & 1915A. Wolters's motion is a challenge to the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

On appeal, Wolters reiterates that prison officials (1) subjected him to an unreasonable risk of harm and acted with deliberate indifference when they assigned him to a prison unit that housed gang-affiliated inmates; (2) forced him to work through the use of "gangbanger" threats, which he contended amounted to slavery; and (3) filed false disciplinary reports in retaliation for his refusal to work and for filing grievances against prison staff.

Wolters cannot prevail on his failure-to-protect claim because he does not allege that he suffered an actual physical injury resulting from prison officials' purported failure to protect. *See Jones v. Greninger*, 188 F.3d 322, 326 (5th Cir. 1999). To the extent that Wolters sought injunctive relief, the denial of such relief was proper because Wolters has been transferred out of the special housing unit at Pollack and, thus, is no longer in any danger from gang-affiliated inmates housed there. *See Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005).

We similarly reject Wolters's assertion that prison officials violated Bureau of Prison policy by assigning him to a unit that housed gang-affiliated inmates. Even if such a policy existed, violations of prison rules or regulations, without more, do not give rise to a cause of action. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986). Moreover, "a prison inmate does not have a protectable liberty or property interest in his custodial classification" and does not have a constitutional right to be housed in a particular facility. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *see also Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983) (finding that "conviction [] sufficiently extinguishe[s] the defendant's liberty interest to empower the State to confine him in any of its prisons" (citation omitted)).

To the extent that Wolters avers that prison officials denied his requests to be reassigned to a different unit of the prison because of retaliatory intent,

and deliberately permitted him to be housed with gang-affiliated inmates as a retaliatory act, this claim fails because Wolters has not presented any evidence that any prison official acted with a retaliatory motive and has not alleged a chronology of events from which a retaliatory motive might plausibly be inferred. *See Jones*, 188 F.3d at 325.

Although Wolters avers that he was retaliated against for refusing to work, inmates do not have a constitutional right to refuse to work and refusing to work is not the exercise of a specific constitutional right and cannot form the basis for a retaliation claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997); *Murray v. Miss. Dep't of Corr.*, 911 F.2d 1167, 1167-68 (5th Cir. 1990). Wolters's assertion that he was forced to work through the use of "gangbanger" threats remains too vague to establish that he is being subjected to "slavery" or "involuntary servitude." *See Channer v. Hall*, 112 F.3d 214, 217-18 (5th Cir. 1997); *Watson v. Graves*, 909 F.2d 1549, 1552 (5th Cir. 1990).

To the extent that Wolters's false disciplinary claim called into question the validity of the prison disciplinary proceedings, the district court did not abuse its discretion in dismissing the claim because Wolters failed to show that the disciplinary convictions had been reversed or expunged as required by *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994). *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997). Wolters's assertion that the false disciplinary reports increased his custody classification is insufficient to establish a violation of his constitutional rights. *See Neals*, 59 F.3d at 533; *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992). The dismissal of the above claims is AFFIRMED.

However, because an inmate is not required to demonstrate a favorable outcome of a disciplinary case if, as here, he is alleging a retaliatory motive, the district court abused its discretion in dismissing any such claim as barred by *Heck*. *See Woods v. Smith*, 60 F.3d 1161, 1164-66 (5th Cir. 1995). Thus, in light of the foregoing, the district court's certification that Wolters's motion to proceed

IFP on appeal was not taken in good faith was erroneous. Whether the facts ultimately establish a retaliatory disciplinary report claim is not a question to be answered at this stage of the proceedings. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The district court's dismissal of the retaliatory interference claim is VACATED and REMANDED for further proceedings.

Appellant's motion to proceed *in forma pauperis* is GRANTED.