# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10009
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 20, 2014

Lyle W. Cayce
Clerk

JACKIE LEE BIBBS,

Plaintiff-Appellant

v.

BILL HARRIS; MELISSA R. PASCHALL; AMI J. DECKER; MICHAEL
TRESSIDER,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CV-955

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Jackie Lee Bibbs, Texas prisoner # 1650103, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and 28 U.S.C. § 1915A(b)(1). He also moves for the appointment of counsel.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10009

The defendants in Bibbs's § 1983 suit were the judge, assistant district attorney, and three private attorneys who participated in a state court case regarding the termination of Bibbs's parental rights over his child. Bibbs claimed that the defendants conspired through an abuse of process in that case to deprive him of the custody of his child through a default judgment against him. The relief sought in the § 1983 suit was "remand [of the] cause back to the state court for remedy." The district court determined that it lacked subject matter jurisdiction over Bibbs's § 1983 suit pursuant to the *Rooker–Feldman* doctrine and the domestic relations exception.

Bibbs argues that the *Rooker–Feldman* doctrine did not deprive the district court of subject matter jurisdiction because his § 1983 suit challenged the defendants' abuse of process in his state case rather than the state court decision itself. We review his argument de novo. *See Green v. Atkinson*, 623 F.3d 278, 279-80 (5th Cir. 2010) (per curiam). The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because Bibbs's § 1983 suit sought to overturn the state court judgment, the district court lacked subject matter jurisdiction over the § 1983 suit pursuant to the *Rooker–Feldman* doctrine. *See id.* at 283-84, 291-92.

Furthermore, Bibbs does not brief any argument challenging the district court's determination that it also lacked subject matter jurisdiction pursuant to the domestic relations exception. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Bibbs's failure to challenge the district court's determination regarding the domestic relations

exception is an additional basis for affirming the district court's judgment. *See Brinkmann v. Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

The district court's dismissal of Bibbs's § 1983 suit counts as one strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Bibbs is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.