# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10442

United States Court of Appeals
Fifth Circuit

**FILED**

February 9, 2017

Lyle W. Cayce
Clerk

RANDY CHILDERS,

Plaintiff–Appellant,

v.

ED IGLESIAS; ANNE HOLLIS,

Defendants–Appellees.

Appeal from the United States District Court
for the Northern District of Texas

Before PRADO, HIGGINSON, and COSTA, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Plaintiff–Appellant Randy Childers brought suit against Defendants–Appellees Ed Iglesias and Anne Hollis for unlawful arrest under 42 U.S.C. § 1983. The district court granted the Defendants' motion to dismiss on the ground that Childers failed to allege a constitutional violation. For the reasons stated below, we AFFIRM.

## I. BACKGROUND

Childers owns a ranch in Parker County, Texas. On September 15, 2013, Childers went to his ranch to evict an individual whom he was allowing to stay there. After he arrived, he requested assistance from the Parker County Sheriff's Office. When Hollis and Iglesias, who are Parker County Deputy

No. 16-10442

Sheriffs, arrived, Childers's truck was parked in front of the gate to the ranch. The Defendants parked their car in front of Childers's truck. Childers alleges that he was intending to leave the ranch at that point, but that the Defendants' parked car prevented him from leaving.

Childers then attempted to explain the situation to Hollis. While Childers was speaking with Hollis, Iglesias asked Childers to move his truck. Childers did not immediately comply; instead he "attempted to complete his explanation." Iglesias then placed Childers under arrest for interfering with the officers' duties. Childers alleges that the Defendants could have driven around his truck, and that Hollis agreed; Iglesias, however, did not believe he could drive around the truck.

Although the district attorney eventually dismissed the charge, Childers was held in jail for over twenty-four hours and incurred legal fees as a result of his arrest. Childers subsequently brought suit in state court under 42 U.S.C. § 1983, claiming that the Defendants arrested him without probable cause in violation of the Fourth Amendment. After removing the case to federal court, the Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Defendants asserted qualified immunity and argued that Childers's allegations do not support a constitutional violation. The district court agreed and granted the Defendants' motion to dismiss. This appeal followed.

## II. DISCUSSION

### A.    Standard of Review and Applicable Law

We review de novo a district court's dismissal under Rule 12(b)(6), "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Hines v. Alldredge*, 783 F.3d 197, 201 (5th Cir.) (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009)), *cert. denied*, 136 S. Ct. 534 (2015). "If the complaint has not set forth 'enough facts to state a claim

No. 16-10442

to relief that is plausible on its face,' it must be dismissed." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To survive a motion to dismiss, Childers must allege facts that show the Defendants lacked probable cause to arrest him. *Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001). "Probable cause exists 'when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense.'" *Haggerty v. Tex. S. Univ.*, 391 F.3d 653, 655–56 (5th Cir. 2004) (quoting *Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001)). Moreover, the Defendants are "entitled to qualified immunity if a reasonable officer in [their] position could have believed that, in light of the totality of the facts and circumstances of which [they were] aware, there was a fair probability" that Childers committed an offense—namely, interfering with a police officer's official duties. *Id.* at 656; *see also* Tex. Penal Code § 38.15 ("A person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with . . . a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law.").

## B.    Analysis

Childers principally argues that he did nothing to interfere with the Defendants' official duties.[1] Although Childers concedes that he did not move his truck when Deputy Iglesias requested he do so, he contends that the Defendants could have driven around his truck or simply walked past it to enter the ranch. Childers also argues that he merely attempted to explain the

---

[1] Childers neither alleges in his complaint nor argues on appeal that the Defendants were not performing duties authorized by law. Indeed, Childers himself requested police assistance at the ranch. Childers also neither alleges nor argues that he lacked the criminal negligence required by Texas Penal Code § 38.15.

situation to the Defendants, which he suggests was protected speech under the First Amendment. *See City of Hous. v. Hill*, 482 U.S. 451, 462–63 (1987) (recognizing "[t]he freedom of individuals verbally to oppose or challenge police action without thereby risking arrest").

Childers cites *Carney v. State*, 31 S.W.3d 392, 396 (Tex. App.—Austin 2000, no pet.), in support of his argument that he did not interfere with the Defendants' official duties. In *Carney*, the Texas Court of Appeals reversed a conviction under Texas Penal Code § 38.15 on the ground that the defendant's interference "consisted of speech only," which is a complete defense to a conviction under that statute. 31 S.W.3d at 395. Carney was trying to prevent police officers from entering his house to execute a search warrant. *Id.* at 397. The court found that the defendant did not physically block the officers from entering the house; he merely argued with the officers, thereby delaying their entry. *Id.* at 398. The court held that mere argument was insufficient to support a conviction under Texas Penal Code § 38.15. *Id.*

The district court found that Childers's case is factually distinguishable from *Carney* because Childers's truck blocked the Defendants' entry to the property. Specifically, the district court inferred that because "Childers admits that the police were blocking his ability to exit the property, . . . it follows that the officer's passage was also obstructed." This was improper fact-finding; on a motion to dismiss, we must assume that the plaintiff's allegations are correct. *See Hines*, 783 F.3d at 201.

Even assuming that Childers's truck was not blocking the Defendants' entry, however, *Carney* is distinguishable based on the fact that Childers failed to move his truck when Deputy Iglesias instructed him to do so. This instruction was made within the scope of the official duty Deputy Iglesias was performing: trying to access the ranch through the gate that was indisputably located behind Childers's truck. Moreover, this instruction concerned the

moving of Childers's truck rather than the content of his speech.[2] Thus, Childers did more than just argue with police officers; he failed to comply with an officer's instruction, made within the scope of the officer's official duty and pertaining to physical conduct rather than speech.

Texas courts have found that failure to comply with an officer's instructions under similar circumstances violates Texas Penal Code § 38.15 and is not protected speech. Specifically, several courts have affirmed convictions of defendants who failed to comply with an officer's instruction to move away from a crime scene.[3] *See Duncantell v. State*, 230 S.W.3d 835, 842 (Tex. App.—Hous. [14th Dist.] 2007, pet. ref'd) (finding that defendant violated Texas Penal Code § 38.15 by repeatedly disregarding officers' orders to stand away from crime scene); *Key v. State*, 88 S.W.3d 672, 676 (Tex. App.—Tyler 2002, pet. ref'd) (concluding that defendant "engaged in conduct other than speech in refusing to obey the directives of" a police officer to remain on the sidewalk, which the officer "believed was necessary to prevent [defendant] from assaulting" another individual). Likewise, this Court has held that failure to comply with a police officer's instruction to stand back is not protected speech and gives the officer probable cause to arrest under Texas Penal Code § 38.15. *See Haggerty*, 391 F.3d at 657 ("[W]hile Haggerty's relevant actions included speech, a reasonable officer could have believed that they were not *limited* to speech: Haggerty stepped forward toward [an officer] after having

---

[2] Although Childers argues, correctly, that his attempt to explain the situation to the Defendants was protected speech, *see Freeman v. Gore*, 483 F.3d 404, 414 (5th Cir. 2007), he does not argue that his refusal to move his truck was itself expressive conduct that might be protected by the First Amendment.

[3] In an unpublished case, a Texas appellate court has extended this principle to failure to comply with an officer's instruction to move a tent. *Momentoff v. State*, No. 02-12-00335-CR, 2013 WL 5967107, at *7 (Tex. App.—Fort Worth Nov. 7, 2013, no pet.) (holding that defendant's "act of standing in his tent and refusing to allow the officer to remove it did not constitute 'speech only'").

previously been warned to not interfere and was within relative proximity (10 to 15 feet away).”). Based on this precedent, a reasonable officer could have believed that there was a fair probability that Childers violated Texas Penal Code § 38.15 by failing to comply with Iglesias's instruction to move the truck.

## III. CONCLUSION

For the foregoing reasons, the district court's order of dismissal is AFFIRMED.