**REVISED October 19, 2017**

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-11661

————

United States Court of Appeals
Fifth Circuit

**FILED**

October 18, 2017

Lyle W. Cayce
Clerk

ATLAS TRADING CONGLOMERATE INCORPORATED, formerly known as Dollar Phone Access, Incorporated;

Plaintiff - Appellant

v.

AT&T INCORPORATED, a Delaware Corporation; AT&T SERVICES, INCORPORATED, a Delaware Corporation; SOUTHWESTERN BELL TELEPHONE COMPANY, a Delaware Corporation; PACIFIC BELL TELEPHONE COMPANY, a California Corporation; BELLSOUTH TELECOMMUNICATIONS L.L.C., a Georgia limited liability company; ILLINOIS BELL TELEPHONE COMPANY, an Illinois corporation; INDIANA BELL TELEPHONE COMPANY INCORPORATED; MICHIGAN BELL TELEPHONE COMPANY, a Michigan corporation; NEVADA BELL TELEPHONE COMPANY, a Nevada corporation; THE OHIO BELL TELEPHONE COMPANY; WISCONSIN BELL INCORPORATED,

Defendants - Appellees

- - - - - - - - - - - - - - - - - - -

BELLSOUTH TELECOMMUNICATIONS L.L.C., a Georgia limited liability company; ILLINOIS BELL TELEPHONE COMPANY, an Illinois corporation; INDIANA BELL TELEPHONE COMPANY INCORPORATED; MICHIGAN BELL TELEPHONE COMPANY, a Michigan corporation; NEVADA BELL TELEPHONE COMPANY, a Nevada corporation; PACIFIC BELL TELEPHONE COMPANY, a California corporation; SOUTHWESTERN BELL TELEPHONE COMPANY, a Delaware corporation; THE OHIO BELL TELEPHONE COMPANY; WISCONSIN BELL INCORPORATED,

No. 16-11661

Plaintiffs - Appellees

v.

ATLAS TRADING CONGLOMERATE INCORPORATED, formerly known as Dollar Phone Access Incorporated,

Defendant - Appellant

———————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-404
USDC No. 3:14-CV-2132

———————————————

Before REAVLEY, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:*

Several local telephone exchange carriers and Atlas Trading Conglomerate Incorporated settled a collection dispute. Atlas later failed to make payments under the settlement. Subsequently, Atlas brought a lawsuit to invalidate the settlement and the local exchange carriers brought a lawsuit to enforce it. The two lawsuits were consolidated in the United States District Court for the Northern District of Texas. The district court dismissed Atlas's claims under Rule 12(b)(6). We AFFIRM.

———————————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 16-11661

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant Atlas Trading Conglomerate, formerly Dollar Phone Access, provides pre-paid long-distance telephone service. The Appellees are incumbent local exchange carriers ("ILECs"),[1] as defined by federal law. *See* 47 U.S.C. § 251(h). The ILECs have designated geographical service areas and operate local exchange networks in their respective areas. The ILECs provide switched-access services, which include originating, transporting, and terminating interexchange telecommunications traffic.

The ILECs's switched-access services assist long-distance providers, like Atlas, in the commencement and conclusion of long-distance calls. The ILECs's networks transmit the original or final portions of the long-distance calls at the local network level. The ILECs impose switched-access charges. The rates for those charges are derived from terms contained in the ILECs's federal tariffs, on file with the Federal Communications Commission ("FCC").

Atlas used the ILECs's switched-access services but did not pay the resulting charges. The parties settled before any lawsuit was filed. In the Confidential Settlement Agreement ("CSA"), Atlas agreed to pay for both past-due and prospective switched-access charges. For the past-due charges, Atlas agreed to pay a lump-sum of $105,000. For the prospective switched-access charges, Atlas agreed to pay the ILECs switched-access charges pursuant to the applicable terms, rates, and conditions set forth in the FCC tariffs.

The then-effective tariff rates were set forth in an exhibit accompanying the CSA. The filing location and specific rate elements of the applicable tariff rates were also outlined in an exhibit. The parties agreed, however, that the

---

[1] The ILECs consist of Southwestern Bell Telephone Company, BellSouth Telecommunications, LLC, Illinois Bell Telephone Company, Indiana Bell Telephone Company, Inc., Michigan Bell Telephone Company, Nevada Bell Telephone Company, Ohio Bell Telephone Company, Pacific Bell Telephone Company, Wisconsin Bell, Inc., and Southern New England Telephone Company.

3

No. 16-11661

rates used to calculate the switched-access charges were subject to change if changes to the ILECs's tariffs so required. By entering into the CSA, Atlas also agreed to release any present or future claims – including claims under the "filed-rate doctrine," a term we will discuss in detail later.

Atlas initially made payments under the terms of the CSA. By December 2013, though, Atlas ceased payments to the ILECs and has made no payments since. Rather than paying, Atlas filed a lawsuit in the United States District Court for the Eastern District of New York, contending that many of the rates, terms, and conditions set forth in the CSA were materially inconsistent with the applicable FCC tariffs.[2] The ILECs, seeking to enforce the CSA, responded by filing a lawsuit against Atlas in the District Court for the Northern District of Texas. The two lawsuits were consolidated in the Texas district court.

In its Third Amended Complaint, Atlas pled that the ILECs, AT&T Inc., and AT&T Services Inc. (collectively, the "defendants"), had violated the Federal Communications Act of 1934.[3] The defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). They argued that all of Atlas's claims were barred by the parties' earlier settlement, the CSA. Atlas argued the CSA was unenforceable because it violated the filed-rate doctrine. The district court agreed with the defendants and dismissed Atlas's claims.

After that dismissal, the ILECs's claims against Atlas remained. The ILECs moved for summary judgment. The district court concluded that the ILECs were entitled to "judgment as a matter of law, court costs, post-

---

[2] In its initial complaint, Atlas named the ILECs's then-parent company, AT&T Inc., and AT&T Services, Inc., as the defendants instead of the ILECs. Notably, neither AT&T Inc. nor AT&T Services, Inc. was a party to the CSA.

[3] In addition to the claims brought under the Communications Act of 1934, Atlas alleged fraud, negligent misrepresentation, tortious interference, civil conspiracy, and unjust enrichment. Atlas also sought a declaratory judgment.

No. 16-11661

judgment interest, attorneys' fees, and the entire amount owed because of Atlas's breach of the" CSA. Atlas timely appealed.

## DISCUSSION

Atlas argues the district court erred by dismissing its claims under the Communications Act of 1934. First, Atlas argues its claims are not barred by the CSA because the CSA is unenforceable under the filed-rate doctrine. Second, Atlas argues the district court erred when it applied a Tenth Circuit decision in granting the motion to dismiss. Finally, Atlas argues the district court erred when it concluded that Atlas released its claims under the filed-rate doctrine.

Because we conclude that Atlas has failed to state a facially plausible claim that the defendants violated the filed-rate doctrine, we do not address Atlas's other arguments. In addition, we do not address the district court's grant of summary judgment because Atlas did not raise any argument pertaining to the grant of summary judgment in its original brief. "[A]n argument not raised in appellant's original brief as required by FED. R. APP. P. 28 is waived." *United States v. Ogle*, 415 F.3d 382, 383 (5th Cir. 2005).

"We review de novo a district court's dismissal under Rule 12(b)(6)[.]" *Childers v. Iglesias*, 848 F.3d 412, 413 (5th Cir. 2017). We accept all well-pled facts as true and view those facts in the light most favorable to the plaintiff. *Id.* "However, we do not presume true a number of categories of statements, including legal conclusions; mere 'labels'; '[t]hreadbare recitals of the elements of a cause of action'; 'conclusory statements'; and 'naked assertions devoid of further factual enhancement.'" *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"If the complaint has not set forth 'enough facts to state a claim to relief that is plausible on its face,' it must be dismissed." *Hines v. Alldredge*, 783 F.3d 197, 201 (5th Cir.) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

No. 16-11661

(2007)), *cert. denied*, 136 S. Ct. 534 (2015)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). We may affirm the district court's order granting the motion to dismiss on any basis supported by the record. *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

"Section 203(a) of the Communications Act requires every common carrier to file with the [FCC] 'schedules,' *i.e.*, tariffs, 'showing all charges' and 'showing the classifications, practices, and regulations affecting such charges.'" *Am. Tel. & Tel. Co. v. Cent. Office Tel., Inc.*, 524 U.S. 214, 221 (1998) (quoting 47 U.S.C. § 203(a)). The corollary of Section 203(a) is the filed-rate doctrine: "the rate of the carrier duly filed is the only lawful charge" and "[d]eviation from it is not permitted upon any pretext." *Id.* at 222 (quoting *Louisville & Nashville R.R. Co. v. Maxwell*, 237 U.S. 94, 97 (1915)). In short, "under the filed rate doctrine, . . . no rate other than the one on file may be charged." *Arkansas Louisiana Gas Co. v. Hall*, 453 U.S. 571, 581 (1981).

In its Third Amended Complaint, Atlas alleged three claims under the Communications Act of 1934. In each of these claims, Atlas argued that the defendants violated the Communications Act of 1934 because the rates assessed in the CSA were not the same as those set forth in the applicable FCC tariffs. Thus, all invoke the filed-rate doctrine.

6

No. 16-11661

Atlas argues that the district court erred in dismissing each of its claims because it pled with specificity numerous known violations of the applicable tariffed rates. Atlas points out that it pled four types of charges assessed by the ILECs but allegedly "not found in any applicable switched-access tariff": composite access-rate charges, miscellaneous services, a seven-percent charge for call set-up time, and a state cost-recovery fee.

Atlas has neither pled nor shown, though, how these charges are inconsistent with the tariffed rates. That the terms are not found in the tariffs is insufficient. For example, it could allege what it should have been charged under the tariffed rate or compared that to what it was actually charged. It simply asserts that charges such as the composite access-rate charge are not found in the tariffs and from that asks the court to let its claims go forward.

Even accepting as true Atlas's allegation that the labels for the charges are not found in the tariffs, we cannot make a reasonable inference that the defendants have violated the filed-rate doctrine. At most, we can only infer that certain labels for charges are not found in the tariffs filed with the FCC. Such an inference is not the equivalent of a plausible allegation that the defendants have charged Atlas different rates from those on file with the FCC.

AFFIRMED.