# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-31350

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2017

Lyle W. Cayce
Clerk

DERRICK D. L. BRUNSON,

> Plaintiff - Appellant

v.

K. NICHOLS; LEWIS; M. WHITE; CAPTAIN VALLE; LIEUTENANT CARDER; DAVIS; UBANKS; UNITED STATES OF AMERICA,

> Defendants - Appellees

---

Appeal from the United States District Court
for the Western District of Louisiana

---

Before JOLLY and ELROD, Circuit Judges, and RODRIGUEZ, District Judge.*

E. GRADY JOLLY, Circuit Judge:

Derrick D. L. Brunson, an inmate in federal prison, filed this pro se civil rights action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and under the Federal Tort Claims Act. Brunson alleged retaliation after he filed a grievance expressing safety concerns following several power outages at the prison. His prison counselor, K. Nichols, told Brunson that his complaint was potentially threatening to

---

* District Judge of the Western District of Texas, sitting by designation.

No. 14-31350

prison safety and interfered with the prison officials' duties. Nichols told her supervisors, Lewis and Captain Valle, and prepared an incident report, which triggered disciplinary proceedings. Brunson was then placed in a Special Housing Unit ("SHU"), which he describes as "lockup," for three weeks pending his hearing. At the hearing, Brunson was sanctioned with seven days of disciplinary segregation plus three months of lost privileges. That violation was later expunged.

Brunson then filed this suit against Nichols, her supervisors, the disciplinary hearing officer ("DHO"), and other prison officials. Prior to service of any of the defendants, a magistrate judge analyzed Brunson's complaint pursuant to the screening process under 28 U.S.C. § 1915A. The district court dismissed all of his *Bivens* claims for failure to state a claim, including the retaliation and conspiracy claims, and dismissed his FTCA claim for lack of jurisdiction. Relevant here, the district court dismissed Brunson's retaliation claim on the ground that the punishment was de minimis—insufficient to warrant a finding of retaliation. The district court also dismissed Brunson's conspiracy claims as "conclusory." *Brunson v. Nichols*, No. 14-CV-2467, 2014 WL 5796670, at *2 (W.D. La. Nov. 6, 2014). The district court did not address Brunson's bystander liability claims.

Brunson appeals. We hold that Brunson has alleged facts that support plausible claims of retaliation and conspiracy. We vacate the district court's dismissal of those claims and remand them for further proceedings. We affirm, however, the district court's dismissal of all remaining claims.

I.

We review de novo the district court's dismissal of Brunson's complaint under 28 U.S.C. § 1915A, "taking the facts alleged in the complaint as true and viewing them in the light most favorable to the plaintiff." *Alderson v.*

2

No. 14-31350

*Concordia Par. Corr. Facility*, 848 F.3d 415, 419 (5th Cir. 2017). "[W]e construe pro se pleadings liberally." *Id.*

## II.

We cannot agree with the district court's conclusion that Brunson's alleged injury was de minimis. "Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights." *Morris v. Powell*, 449 F.3d 682, 686 (5th Cir. 2006). Disciplinary segregation and loss of privileges may constitute an adverse act. *See Hart v. Hairston*, 343 F.3d 762, 763–64 (5th Cir. 2003).[1] In *Hart*, for example, a prisoner filed a grievance and "was punished with 27 days of commissary and cell restrictions." *Id.* at 763. This court found such a response was more than de minimis. *Id.* at 764.

Here, Brunson was placed in the SHU for twenty-one days before his disciplinary hearing. Following that hearing, Brunson was also punished with seven days of disciplinary segregation and the loss of privileges. The district court's de minimis analysis did not consider the twenty-one days of segregation following Brunson's filing of a grievance. Instead, it held that "[t]o the extent that Plaintiff had to serve his seven days of segregation prior to the expungement, this adverse act is de minimis." *Brunson*, 2014 WL 5796670, at *3. Taking the twenty-one days in the SHU and the seven days of disciplinary segregation together, however, the alleged retaliatory act lasted at least twenty-eight days, which is certainly comparable to the twenty-seven days in *Hart*, which we held not to be de minimis. *See* 343 F.3d at 763. We hold that these adverse consequences of Brunson's filing a grievance, including those three weeks Brunson spent in the SHU after his submission of a grievance but

---

[1] *See also Hanna v. Maxwell*, 415 F. App'x 533, 535–36 (5th Cir. 2011) (finding that the sanction of ten days of confinement in isolation and loss of 180 days of "good time" credit are more than de minimis adverse actions).

before his disciplinary hearing, would likely deter a person of ordinary firmness from exercising his constitutional rights. *See Morris*, 449 F.3d at 685–86. Brunson's punishment was therefore more than de minimis.

The district court did not address the fourth element of retaliation, causation. Upon review of the record, we find that Brunson pleaded facts supporting a plausible inference of causation. An "inmate must . . . establish that but for the retaliatory motive the complained of incident—such as the filing of disciplinary reports as in the case at bar—would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). "The inmate must produce direct evidence of motivation or . . . allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (internal quotation marks omitted).

Here, Nichols acknowledged that Brunson was only "trying to explain his concern" about the power outages, yet she reported that Brunson made a threat. Brunson alleged that when he told Nichols about his concerns, Nichols complained that Brunson was "just putting more work on [her] desk." Though not conclusive perhaps, viewing these alleged events most favorably to Brunson, it is supportable that Nichols retaliated against him for adding to her workload. When Brunson pointed out to Captain Valle that Nichols "didn't even articulate a violation on the charging document," the Captain allegedly responded, "Well, when I talk to the DHO we'll see if he can articulate a violation." That the disciplinary sanction was later expunged because "the description of [the] incident [did] not support a code violation" also suggests that Nichols lacked any basis for initiating the charge. Taken together, this "chronology of events" suggests that a retaliatory motive is arguable. *See id.* Indeed, this court has previously noted that an "action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." *See id.* at 1165. We conclude that Brunson's narrative states a plausible claim against

No. 14-31350

Nichols that "but for the retaliatory motive," the incident report would not have been filed.[2]

## III.

We also disagree with the district court's determination that all of Brunson's conspiracy claims are "conclusory." *See Brunson*, 2014 WL 5796670, at \*2. Brunson alleged facts supporting a plausible inference of a conspiracy among Captain Valle and Lieutenant Carder to retaliate against Brunson for filing the grievance form. Brunson alleged that while he was in the SHU, Captain Valle and Lieutenant Carder paid him a visit. Captain Valle allegedly said, "[Y]ou didn't think I know the lights are an issue? . . . . You are not going to make threats." Lieutenant Carder then said, "Thanks for telling us how to do our jobs, you want to tell us how to do our jobs things go down hill for you." When Brunson pointed out that Nichols's incident report "didn't even articulate a violation," the Captain responded, "Well, when I talk to the DHO we'll see if he can articulate a violation." The DHO subsequently changed the charged offense from "threatening" to "refusal to obey an order." These facts suffice to state "an agreement to commit an illegal act which resulted in the plaintiff's injury." *Hay v. City of Irving, Tex.*, 893 F.2d 796, 799 (5th Cir. 1990). Therefore, Brunson's complaint has alleged more than a "conclusory allegation[] of conspiracy." *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989).

---

[2] The defendants argue that Brunson's allegations do not causally link Nichols to the subsequent period of segregation and loss of privileges, but they cite no authority to support their argument that there is thus no causation. Brunson's factual allegations support the conclusion that but for Nichols's filing of the incident report, Brunson would not have been subjected to discipline. The defendants also argue that Brunson cannot allege "a retaliatory adverse act," and that the "only potential adverse act arguably caused by Defendant Nichols was the issuance of the Incident Report." A prison official's filing of an incident report, however, has not insulated that official from retaliation claims in previous cases. *See, e.g.*, *Hart*, 343 F.3d at 764; *Woods*, 60 F.3d at 1162–63.

No. 14-31350

IV.

For the reasons above, the district court's dismissal of Brunson's retaliation claim against Nichols is VACATED and REMANDED for further proceedings. The district court's dismissal of Brunson's conspiracy claims against Captain Valle and Lieutenant Carder is also VACATED and REMANDED for further proceedings. We AFFIRM the district court's dismissal of all remaining claims.

We hold only that Brunson has alleged facts supporting plausible claims of retaliation and conspiracy. On remand, the district court may find it appropriate to also raise the "antecedent" question of whether a *Bivens* remedy is available to Brunson, especially in the light of the Supreme Court's recent decision in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017).[3] *See Hernandez v. Mesa*, 137 S. Ct. 2003, 2006 (2017) (noting that "the *Bivens* question" is "antecedent" to the merits).

AFFIRMED in part, VACATED in part, and REMANDED.

---

[3] It appears that we have never framed as a holding a rule that *Bivens* extends to First Amendment retaliation cases, but we have at times assumed that substantive claims under § 1983 and *Bivens* are coextensive. *See Boyd v. Driver*, 579 F.3d 513, 515 n.5 (5th Cir. 2009); *Izen v. Catalina*, 382 F.3d 566, 570 n.3 (5th Cir. 2004); *Evans v. Ball*, 168 F.3d 856, 862–63 n.10 (5th Cir. 1999), *abrogated by Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003); *see also Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994). We have on more than one occasion *assumed* that *Bivens* supplies a remedy in similar cases. *See, e.g.*, *Wolters v. Fed. Bureau of Prisons*, 352 F. App'x 926, 928–29 (5th Cir. 2009); *Patel v. Santana*, 348 F. App'x 974, 977–78 (5th Cir. 2009); *Burnette v. Bureau of Prisons*, 277 F. App'x 329, 332–33 (5th Cir. 2007); *Lair v. Purdy*, 84 F. App'x 413, 414 (5th Cir. 2003); *Muniz v. Childers*, 85 F.3d 623 (5th Cir. 1996) (unpublished). But in *Abbasi* the Supreme Court strongly cautioned against extending *Bivens* to new contexts. 137 S. Ct. at 1857. A First Amendment claim is likely a new context. *See id.* at 1860; *Wood v. Moss*, 134 S. Ct. 2056, 2067 (2014) ("[W]e have several times assumed without deciding that *Bivens* extends to First Amendment claims."); *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("Indeed, we have declined to extend *Bivens* to a claim sounding in the First Amendment."). Because Brunson is pro se, the district court on remand may wish to appoint counsel to brief this important issue. The individual defendants were not served in the proceedings below, so an answer has not yet been filed in this case. Accordingly, because the defendants have not been given an opportunity to raise the *Bivens* issue, the issue is not waived on remand.