# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20274
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 9, 2018

Lyle W. Cayce
Clerk

RAINER ERIC NIKOLAUS FALKENHORST,

Plaintiff-Appellant

v.

HARRIS COUNTY CHILDREN'S PROTECTIVE SERVICES, Mr. George D. Ford (Attorney); PATRICK S. SHELTON, Ex Judge; GREG ABOTT, Governor; JEAN SPAILDING HUGHES, Judge,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-242

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Rainer Eric Nikolaus Falkenhorst, Texas prisoner # 01938554, appeals the district court's dismissal of his 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1915A(b).  Falkenhorst further moves for the appointment of counsel, for oral argument, and for leave to file a supplemental brief to present evidence in support of government intervention under 28 U.S.C. § 2403.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20274

Falkenhorst sued Harris County Children's Protective Services and its director George D. Ford, Jr.; Texas Governor Greg Abbott; and eight judges who participated in a 2006 state court case regarding the termination of Falkenhorst's parental rights over his child, claiming that the defendants conspired to deprive him of the custody of his child; deprived him of due process, a fair trial, and counsel; defamed and defrauded him; and breached their fiduciary duties. Falkenhorst sought a retrial of the case in state court, full custody of his child, and monetary damages for court error during the original state proceedings.

On appeal, Falkenhorst challenges only the conclusion that the *Rooker-Feldman*[1] doctrine deprived the district court of subject-matter jurisdiction over his federal claims. Our review is de novo. *See Brunson v. Nichols*, 875 F.3d 275, 277 (5th Cir. 2017).

The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Because Falkenhorst's § 1983 suit sought to overturn the state-court judgment, the district court lacked subject-matter jurisdiction over the § 1983 claims pursuant to the *Rooker-Feldman* doctrine. *See id.* at 283-84, 291-92; *see also Bibbs v. Harris*, 578 F. App'x 448, 449 (5th Cir. 2014).[2]

---

[1] *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] Although an unpublished opinion issued after January 1, 1996 is not controlling authority, it may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006); 5TH CIR. R. 47.5.4.

No. 17-20274

AFFIRMED; MOTIONS FOR APPOINTMENT OF COUNSEL, ORAL ARGUMENT, and INTERVENTION DENIED.