# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40523
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2018

Lyle W. Cayce
Clerk

GREGORY ALLEN ROBINSON,

Plaintiff-Appellant

v.

WILLIAM STEPHENS; DEBBIE RINEHART; GURNEY UNIT; PROVIDER SIENTZ; KAREN SEITZ,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:16-CV-485

Before REAVLEY, GRAVES, and HO, Circuit Judges.

PER CURIAM:[*]

Gregory Allen Robinson, Texas prisoner # 1924476, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil suit after it granted the motion to dismiss filed by defendants Debbie Rinehart and Karen Seitz. Liberally construed, he asserts that the district court erred in dismissing his claims that Rinehart and Seitz were deliberately indifferent to his medical needs while he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was housed at the Gurney Unit.  In his complaint, Robinson had alleged that Rinehart and Seitz failed to follow discharge orders issued by Palestine Regional Medical Center, which included providing prescribed pain medication to Robinson for an ankle injury.

The district court dismissed the official-capacity claims against the defendants pursuant to Federal Rule of Civil Procedure 12(b)(1), and it dismissed the individual-capacity claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  We review the grant of a motion to dismiss under either rule de novo.  *Childers v. Iglesias*, 848 F.3d 412, 413 (5th Cir. 2017) (Rule 12(b)(6)); *Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240 (5th Cir. 2005) (Rule 12(b)(1)).

Aside from making the conclusional assertion that he stated a sufficient deliberate indifference claim under the Eighth Amendment, Robinson does not make any reference to or arguments concerning the district court's specific reasons for granting the motion to dismiss.  Because Robinson offers no basis to disagree with the district court's analysis, any challenges to the grant of the Rule 12(b)(1) and Rule 12(b)(6) motion are deemed abandoned on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In addition, Robinson claims in his appellate brief that he was prevented from conducting discovery and that the defendants tampered with evidence. However, he was not entitled to discovery prior to the disposition of the Rule 12(b)(6) motion.  *See Southwestern Bell Tel., LP v. City of Houston*, 529 F.3d 257, 263 (5th Cir. 2008).  Further, he has not shown that any requested discovery was "likely to produce the facts needed to withstand a Rule 12(b)(1) motion."  *Freeman v. United States*, 556 F.3d 326, 342 (5th Cir. 2009).

No. 17-40523

The judgment of the district court is AFFIRMED. The district court's partial dismissal of Robinson's complaint for failure to state a claim counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Robinson is WARNED that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).