# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2022

Lyle W. Cayce
Clerk

No. 20-50772
Summary Calendar

Beatrice Bruning,

*Plaintiff—Appellant*,

*versus*

William Attmore; Ras Crane L.L.C.; Ditech Financial, L.L.C.; Mortgage Electronic Registration Systems, Incorporated; LRS Financial Network, Incorporated, *doing business as* HNB Mortgage; Jack O'Boyle & Associates; Barrett Daffin Frappier Turner & Engel, L.L.P.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:19-CV-60

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Beatrice Bruning appeals from the district court's dismissal of her amended, pro se complaint in which she alleged a variety of claims—all related to the non-judicial foreclosure of her property—against William Attmore; RAS Crane, LLC; LRS Financial Network, Inc., dba HNB Mortgage (HNB Mortgage); Ditech Financial, LLC (Ditech); Mortgage Electronic Registration Systems, Inc. (MERS); Barrett Daffin Frappier Turner & Engel, LLP (Barrett Daffin); and Jack O'Boyle & Associates (O'Boyle). The district court dismissed Bruning's claims against O'Boyle without prejudice due to her repeated failure to show proper service. The district court dismissed Bruning's claims against the remaining defendants with prejudice for failure to state a claim upon which relief could be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). She also challenges the district court's denials of her motion to file a second amended complaint and her motion for reconsideration.

As a preliminary matter, Barrett Daffin argues that Bruning's notice of appeal raised only the denial of Bruning's motion for reconsideration before us. However, Bruning's notice of appeal was sufficient to confer jurisdiction over the district court's dismissal of Bruning's claims against all of the defendants. *See* FED. R. APP. P. 3(c)(1)(B), (6); *United States v. Leal*, 933 F.3d 426, 429 (5th Cir. 2019).

We review de novo a dismissal under Rule 12(b)(6). *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Under that rule, a complaint must be dismissed if it fails to "set forth enough facts to state a claim to relief that is plausible on its face." *Childers v. Iglesias*, 848 F.3d 412, 413 (5th Cir. 2017) (internal quotation marks and citation omitted). We will not consider the new evidence that Bruning has submitted for the first time on appeal. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

No. 20-50772

Bruning argues that the district court erred by holding that Ditech and its agents had standing and the legal authority to foreclose on the Sequoia property. The district court noted that several of Bruning's claims relied on her underlying assertion that Ditech lacked standing to foreclose because Ditech did not have the original note and MERS lacked the power to transfer or assign any rights under the deed to any other party. As correctly specified by the district court, we have held that, under Texas law, a party is not required to possess the note in order to foreclose on a property and MERS may validly assign its power to foreclose under the deed of trust to another party. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Rather than directly challenging that analysis on appeal, Bruning argues that the district court erred by denying her motion for leave to amend based on its determination that there was no new evidence without also addressing prejudice, bad faith, or futility. She contends that, based on that erroneous denial, the district court's denial of her motion for reconsideration was also erroneous. Her argument fails because the record shows that the district court properly considered the relevant factors before denying Bruning's motion for leave to amend based on futility. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

The district court did commit an error by analyzing Bruning's motion for reconsideration under Federal Rule of Civil Procedure 59(e) instead of Federal Rule of Civil Procedure 54(b) because the challenged decision was not a judgment. *See Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017). However, Bruning's motion for reconsideration was predicated on the existence of new evidence, and the district court denied that motion after determining that the evidence was either previously available or already submitted. Bruning's failure to address the basis for the district court's denial of her motion for reconsideration "is the same as if [she] had not appealed that judgment." *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*,

3

813 F.2d 744, 748 (5th Cir. 1987).  Moreover, because Bruning's motion for reconsideration did not present any valid reason for the district court to reevaluate the challenged decision, the district court's error in applying the wrong standard was harmless.  *See Cabral v. Brennan*, 853 F.3d 763, 766 (5th Cir. 2017).

For the first time on appeal, Bruning argues that, because Federal Rule of Civil Procedure 17(a) requires an action to be prosecuted in the name of the real party in interest, the district court erred by failing to determine which defendant was the real party of interest for purposes of her foreclosure claims.  We will not consider this claim because it was raised for the first time on appeal.  *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).  In any event, Rule 17(a) does not task the district court with a duty to determine the real party of interest on behalf of the plaintiff.  *See Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 573 (5th Cir. 2006); Fed. R. Civ. P. 17(a).

Bruning contends that the district court erred by dismissing her complaint without first considering all of her evidentiary submissions.  Our examination of the record shows that the district court properly considered all of the appropriate evidence.  As Bruning has not addressed any of the other claims or defendants that were included in the district court's dismissal of her amended complaint, she has waived all of those unraised challenges. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

Accordingly, we AFFIRM the district court's judgment.