# United States Court of Appeals for the Fifth Circuit

No. 22-20189
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 14, 2023

Lyle W. Cayce
Clerk

Juan Daniel Cano,

*Plaintiff—Appellant*,

*versus*

Karen Faust; Mark Varner; Jaime Williams; Gail L. Thompson; James Jones; Charles James; Officer Perkins,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-317

---

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Juan Daniel Cano, Texas prisoner # 1705654, appeals the dismissal of his 42 U.S.C. § 1983 action against two officials employed by the Texas Department of Criminal Justice (TDCJ) and three officials employed by the University of Texas Medical Branch (UTMB). Cano's complaint stems from his allegation that UTMB physician's assistant Karen Faust assaulted

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20189

him in the course of performing a rectal exam after he complained of rectal bleeding. Cano's complaint alleged claims of retaliation, deliberate indifference, failure to supervise or train, use of excessive force, and failure to intervene. He now challenges the Federal Rule of Civil Procedure Rule 12(b)(6) dismissal of his claims against TDCJ employees James Jones and Charles James, the Rule 12(b)(6) dismissal of his retaliation claim against Faust, and the district court's order granting summary judgment in favor of UTMB employees Faust, Mark Varner, and Jaime Williams on qualified immunity grounds. Cano does not challenge the dismissal of his claims against UTMB employee Gail L. Thompson.

We review a dismissal for failure to state a claim pursuant to Rule 12(b)(6) de novo. *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996). Under that rule, a complaint must be dismissed if it fails to "set forth enough facts to state a claim to relief that is plausible on its face." *Childers v. Iglesias*, 848 F.3d 412, 413 (5th Cir. 2017) (internal quotation marks and citation omitted).

The district court correctly found that Cano failed to allege more than a de minimis retaliatory act that would be sufficient to support a retaliation claim against James. *See Morris v. Powell*, 449 F.3d 682, 684-86 (5th Cir. 2006); *Brunson v. Nichols*, 875 F.3d 275, 277 (5th Cir. 2017). We also agree that he failed to plead facts showing it was plausible that Faust had the requisite intent to retaliate against him or that the alleged adverse act would not have occurred but for Faust's retaliatory intent. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995); *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Accordingly, the court did not err in dismissing Cano's retaliation claims for failure to state a claim.

Nor did it err in dismissing Cano's claims that Jones and James were deliberately indifferent to his serious medical needs by allegedly failing to

2

provide him with medical providers capable of providing proper treatment. Cano did not allege that Jones or James played any role in hiring medical providers or in determining who would treat him, and Cano's allegations reflect a mere disagreement with the medical treatment he received, which cannot form the basis of a deliberate indifference claim. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). His claim that James and Jones failed to supervise or train their subordinates was likewise properly dismissed because Cano failed to plead facts suggesting any connection between the alleged failure to supervise or train and any violation of his rights. *See Goodman v. Harris Cnty.*, 571 F.3d 388, 395 (5th Cir. 2009).

With respect to the district court's granting of the UTMB defendants' summary judgment motion, our review is de novo. *See Hyatt v. Thomas*, 843 F.3d 172, 176 (5th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The doctrine of qualified immunity "alters the usual summary judgment burden of proof" in that the plaintiff has the burden of showing that a defendant is not entitled to qualified immunity. *Valderas v. City of Lubbock*, 937 F.3d 384, 389 (5th Cir. 2019). In determining whether qualified immunity applies, we review: (1) whether the plaintiff has alleged a violation of a constitutional right; and (2) if so, whether the right was clearly established at the time of the violation. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

Cano's complaint alleged that Faust used excessive force by inserting an unknown object into his rectum three times during a rectal exam. The summary judgment evidence submitted by the UTMB defendants reflects that Faust performed a single-digit rectal exam on Cano because he complained of rectal bleeding; the evidence does not support Cano's assertion that Faust inserted any other item into his rectum. *See Carnaby v.*

*City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  Moreover, Cano has not pointed to any summary judgment evidence supporting his assertion that the rectal exam was clearly excessive or that the excessiveness was clearly unreasonable. *See Tarver v. City of Edna*, 410 F.3d 745, 751 (5th Cir. 2005).  Cano has also failed to show that he had a "clearly established" right to refuse the rectal exam at the time of the alleged violation. *Brumfield*, 551 F.3d at 326; *see Sama v. Hannigan*, 669 F.3d 585, 593 (5th Cir. 2012).  The district court therefore did not err in granting summary judgment for Faust with respect to Cano's use of excessive force claim.  We will not consider Cano's claim, raised for the first time on appeal, that Faust's failure to obtain his consent for the exam violated his Fourteenth Amendment due process right. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

We also ascertain no error in the district court's grant of summary judgment on Cano's failure to intervene claim against Varner, a nurse who was present during the rectal exam.  Because Cano's rights were not violated during the rectal exam, Cano has failed to make the required showing that Varner failed to prevent a violation of his rights. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013).

Cano has also not shown that the court erred in granting summary judgment in favor of the UTMB defendants on his deliberate indifference claim.  The summary judgment evidence belies Cano's assertions that he was not treated for his thyroid and digestive issues, and his allegations amount to a disagreement with treatment, which is not actionable under the Eighth Amendment. *See Gobert*, 463 F.3d at 346.  Finally, the court correctly granted summary judgment in Williams's favor with respect to Cano's claims of failure to train or supervise, as he did not make the required showing of an underlying violation of his rights that was caused by the alleged failure to train or supervise. *See Goodman*, 571 F.3d at 395.

No. 22-20189

Accordingly, the district court's judgment is AFFIRMED.